188 N.J. Super. 416 (1982)
457 A.2d 1175
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LLOYD HENRY JOHNSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 22, 1982.
Decided December 13, 1982.
*417 Before Judges MILMED, MORTON I. GREENBERG and FURMAN.
Joseph H. Rodriguez, Public Defender, for appellant (Barry D. Szaferman, designated counsel, on the brief).
Irwin I. Kimmelman, Attorney General, for respondent (Ronald Susswein, Deputy Attorney General on the brief).
The opinion of the court was delivered by MORTON I. GREENBERG, J.A.D.
Defendant and Michael S. Waronek were indicted on August 7, 1980 in Hudson County for the following offenses: (1) conspiracy to commit murder (N.J.S.A. 2A:98-1); (2) murder (N.J.S.A. 2A:113-1; N.J.S.A. 2A:113-2); (3) murder while armed (N.J.S.A. 2A:113-1; N.J.S.A. 2A:113-2; N.J.S.A. 2A:151-5); (4) unlawful possession of a handgun without a permit (N.J.S.A. 2A:151-41); (5) unlawfully obtaining a handgun without a permit (N.J.S.A. 2A:151-32), and (6) unlawfully carrying and *418 possessing a handgun with intent to use it unlawfully against another (N.J.S.A. 2A:151-56).
On September 8, 1980 the Hudson County Prosecutor's Office was notified that defendant was incarcerated in a federal correctional institution in Virginia and that there were detainers outstanding against him in Warren and Union Counties. As a result of the Union County charges defendant, at the request of the Union County Prosecutor, was being returned to New Jersey pursuant to the Interstate Agreement on Detainers. N.J.S.A. 2A:159A-1 et seq. The Hudson County Prosecutor's Office on September 8, 1980 advised "the federal authorities" that it would accept custody of defendant pursuant to the Union County request. On September 18, 1980 the Hudson County Prosecutor signed an agreement accepting temporary custody of defendant. On September 25, 1980 custody was accepted by Union County. The record is unclear as to what disposition was made of the charges in Union County. According to an affidavit dated January 12, 1981 signed by Carmen Messano, an Assistant Hudson County Prosecutor, the Union County matter had by January 12, 1981 "been disposed of." It appears that the Union County matters were completed by December 12, 1980. We say that because Messano's affidavit relates that on December 12, 1980 Warren County accepted temporary custody of defendant under a murder indictment. Defendant pleaded not guilty to the Warren County charges on January 9, 1981.
On January 13, 1981 the Hudson County Prosecutor moved for an order extending the time provided in N.J.S.A. 2A:159A-4 for the disposition of the Hudson County indictment. The reference to N.J.S.A. 2A:159A-4 was to the Interstate Agreement on Detainers. N.J.S.A. 2A:159A-4(c) provides as follows:
In respect of any proceeding made possible by this Article, trial shall be commenced within 120 days of the arrival of the prisoner in the receiving State, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.
Inasmuch as defendant had arrived in New Jersey on September 25, 1980, unless the time was extended his trial in Hudson *419 County had to be commenced within 120 days of that date, January 23, 1981.
The prosecutor's motion was originally scheduled for January 29, 1981. It was not heard then, apparently because defendant was not represented by counsel. The case then came on an arraignment calendar in late February. The case could not proceed because defendant was still not represented by counsel. Defendant requested that he be represented by Edward V. Gannon, a pool attorney with the public defender in Warren County. A Superior Court judge in Hudson County spoke to a Mr. Winograd of the public defender's office in Hudson County. Winograd accepted the assignment to represent defendant and engaged Gannon for that purpose. The prosecutor's motion was rescheduled for February 25, 1981 and March 6, 1981 but was not heard on either date because Gannon was engaged at trial in Morris County. The prosecutor's motion was finally heard March 13, 1981.[1] On March 13, 1981 Gannon made a cross-motion to dismiss the indictment.
The judge reserved decision on both motions and then decided the case March 18, 1981. In his decision he reviewed the history of the case. He pointed out that defendant had been charged with murder in Warren County. Waronek was charged with the same murder for which defendant had been indicted there. But the indictments of defendant and Waronek, which had been consolidated, could not be processed in Warren County because Waronek was in federal custody in a federal hospital. The judge then pointed out that defendant had not been represented in Hudson County until he, the judge, interceded with the public defender's office and Gannon was engaged. Waronek had been produced about one week earlier in Warren County. The Warren County Prosecutor claimed priority in prosecution. The judge stated that the delay in Hudson County was not caused by *420 dilatory conduct of the Hudson County Prosecutor. Rather, it was attributable to defendant's involvement in crimes in two other counties, Union and Warren, and the State's inability to produce Waronek who was ill and in federal custody. In the circumstances the judge considered that there was good cause for extending the time to start the trial. He therefore ordered that the time be extended until one week after the disposition of the Warren County trial, which he then believed was scheduled for April 6, 1981. If the Warren County trial was continued, the judge indicated that a later date would be set in Hudson County. Defendant's motion to dismiss was denied.
The matter came on again in Hudson County on April 28, 1981. On April 14, 1981 defendant had been convicted in Warren County. Sentencing was scheduled there on May 22, 1981. There was a dispute between the State and defendant as to the meaning of the prior order. The assistant prosecutor urged that the prior order meant that the trial was to start in Hudson County one week after sentencing in Warren County. Alternatively, he sought a further extension of time. Gannon, on behalf of defendant, said it meant one week after completion of the trial in Warren County. He said that he was ready to go to trial and that unless the State was prepared to move the trial the indictment should be dismissed. He also urged that there was no good cause for a further extension. The judge did not address the issue of whether an extension should be granted. He said that the Warren County case had not as yet been concluded. Thus, the Hudson County trial was to be within one week of sentencing in Warren County. Since sentencing was scheduled for May 22, 1981, the judge fixed a trial date of June 1, 1981.
The trial of defendant started in Hudson County June 1, 1981. During the course of the trial the second count of the indictment charging murder was dismissed on motion of the State with defendant's consent. Subsequently, the court dismissed the fourth count charging defendant with possession of a firearm without a permit. Defendant was found guilty on the remaining *421 counts by the jury on June 12, 1981. On June 26, 1981 defendant was sentenced on his earlier conviction in Warren County. On July 10, 1981 defendant was sentenced in Hudson County as follows: conspiracy, not less than two nor more than three years; murder, life; while armed, not less than three years nor more than five years; obtaining a handgun without a permit, not less than two nor more than three years. The remaining weapons conviction was merged with the murder conviction. All four sentences were made concurrent with each other but consecutive to any previous sentences imposed on defendant.[2]
Defendant appeals on the sole ground that the judge acted unreasonably in extending the time for the trial beyond 120 days after he arrived in New Jersey. He asserts that he was available for trial within the 120-day period. Thus, he contends that the indictment against him should have been dismissed pursuant to N.J.S.A. 2A:159A-5(c), which provides that if the defendant is not brought to trial within the period provided in N.J.S.A. 2A:159A-4(c), such relief shall be granted.
N.J.S.A. 2A:159A-4(c) does not indicate what circumstances will constitute "good cause" for a continuance. Accordingly, "the question of whether good cause exists for a continuance must be resolved from a consideration of the totality of circumstances in the particular case, on the background of the considerations which motivated the interstate agreement, as expressed in N.J.S. 2A:159A-1." State v. Lippolis, 107 N.J. Super. 137, 148-149 (App.Div. 1969) (dissenting opinion), rev'd on dissent 55 N.J. 354 (1970). The purpose of the Interstate Agreement is:
The party States find that charges outstanding against a prisoner, detainers based on untried indictments, informations or complaints, and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions, *422 produce uncertainties which obstruct programs of prisoner treatment and rehabilitation. Accordingly, it is the policy of the party States and the purpose of this agreement to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints. The party States also find that proceedings with reference to such charges and detainers, when emanating from another jurisdiction, cannot properly be had in the absence of cooperative procedures. It is the further purpose of this agreement to provide such cooperative procedures. [N.J.S.A. 2A:159A-1]
We see no frustration of the purpose of the Interstate Agreement in this case. Defendant was received in New Jersey September 25, 1980. He had charges pending against him in three counties. When the judge in Hudson County extended the time for trial in that county he acted in recognition of the fact that defendant faced a murder trial in Warren County. Further, it was necessary to assign counsel to represent defendant in Hudson County. Certainly there is nothing in the record to indicate that the prosecutor was dilatory or did not intend to prosecute defendant.
Defendant cites Stroble v. Anderson, 587 F.2d 830 (6 Cir.1978), cert. den. 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979), in support of his contentions. That case held, among other things, that in the circumstances there the 120-day period for starting the trial had not been tolled even though the defendant had been returned to Michigan to stand trial on two separate charges in state court. The United States District Court, on a habeas corpus proceeding, held that: "A person who is preparing for the trial and on trial on a charge of assault with intent to commit murder is `unable to stand trial' for the second offense from the time the first charge is assigned for trial within the meaning of Article VI(a) of the Interstate Agreement." 587 F.2d at 833. See N.J.S.A. 2A:159A-6 (New Jersey tolling provision). The Court of Appeals disagreed. It pointed out that there was no showing in the record that the prisoner was physically or mentally disabled or unable to stand trial and that he had never sought a postponement. 587 F.2d 838. The court further held that the record did not indicate that the trial had been continued on good cause shown in open court. 587 F.2d *423 839. In the case before us the trial judge did not hold that the time had been tolled by the fact that defendant faced multiple charges. Rather, he found good cause to grant a continuance. In reaching his conclusion he complied with the procedural requirements of the Interstate Agreement on Detainers.[3] Thus, Stroble v. Anderson, supra, 587 F.2d at 830, is distinguishable.
The judgment of conviction is affirmed.[4]
NOTES
[1] We do not have a transcript of the proceedings of March 13, 1981. Our description of the events of that day comes from the judge's opinion rendered March 18, 1981.
[2] The judgment of conviction and order for commitment in Hudson County is dated July 8, 1981. The transcript indicates sentencing was July 10, 1981. The sentence on the murder conviction was for the indictment for murder while armed.
[3] Defendant in his brief contends that the court erred because there was no good cause shown for granting the continuance and because the time granted was unreasonable. He does not argue that there was a violation of the procedural requirement that the judge act in open court in the presence of defendant or his attorney. See N.J.S.A. 2A:159A-4(c).
[4] Defendant in his brief points out that the 120-day period was extended in Warren County. He indicates that that conviction is the subject of a second appeal. Docket A-5213-80T4. He then states: "Clearly, if this Court agrees with defendant that that extension was improper, the extension in Hudson County must also be considered improper." Of course, we do not pass on whether the time was properly extended in Warren County. That issue is not before us. In any event we reject defendant's contention. Even if the judge erred in Warren County (a suggestion we do not make), the fact remains that the judge in Hudson County was confronted with the reality that defendant faced trial in Warren County.