**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1328-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WILLIAM JENKINS, JR.,
a/k/a MOB JENKINS,
WILLIAM JENKINS,
WILLIAM JR, WILLIAM H.
JENKINS, WILLIAM H.
KENKINS, and MO
WILLIAMS,

    Defendant-Appellant.

_____

Submitted October 12, 2021 – Decided October 27, 2021

Before Judges Sabatino and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 19-03-0275.

Joseph E. Krakora, Public Defender, attorney for appellant (Stefan Van Jura, Assistant Deputy Public Defender, of counsel and on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel; Catherine A. Foddai, Legal Assistant, on the brief).

PER CURIAM

Defendant William Jenkins, Jr. appeals from an October 28, 2019 judgment of conviction entered after a guilty plea. His appeal focuses on two issues. First, defendant's challenges the April 22, 2019 order granting the State's application to extend the 180-day time limit under the Interstate Agreement on Detainers Act (IAD), N.J.S.A. 2A:159A-1 to -15. Second, he challenges the sentenced imposed. We affirm.

On June 25, 2018, defendant assaulted a victim in Bergen County and the victim subsequently died. After the New Jersey assault, defendant was arrested in New York on a parole violation related to a New York conviction. On June 27, 2018, the State charged defendant with manslaughter and other charges related to the death of the victim in Bergen County. Defendant pleaded guilty to a violation of parole in the New York matter on July 31, 2018 and was remanded to prison in New York.

On November 8, 2018, defendant filed a request for disposition under the IAD, requiring the New Jersey charges be resolved within 180 days. The 180-day period would expire on May 7, 2019. Defendant was transferred to New

2

Jersey on December 19, 2018. A Bergen County grand jury indicted defendant on March 1, 2019.

Pursuant to the IAD, in March 2019, the State requested a ninety-day extension of the 180-day detainer period. In an April 22, 2019 order, the judge granted the State's request for an extension. The judge found the State demonstrated good cause based on outstanding discovery despite the State's diligent efforts to complete discovery, the State's need for additional time to prepare for trial, and the coordinating and booking of travel arrangements for numerous trial witnesses on behalf of the State. The judge set September 17, 2019 as the new trial date.

Prior to the rescheduled trial date, defendant filed a motion to dismiss certain charges in the indictment. The judge denied dismissal of Count One, aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), and Count Two, hindering apprehension, N.J.S.A. 2C:29:3(b)(1). With the State's consent, the judge dismissed Count Three, disturbing human remains, N.J.S.A. 2C:22-1(b).

After denial of his motion to dismiss the indictment, defendant pleaded guilty to Count One, as amended to second-degree reckless manslaughter, N.J.S.A. 2C:11-4(b)(1). The State agreed to dismiss all remaining counts and recommended defendant be sentenced to ten years' imprisonment to run

A-1328-19

concurrent to the sentence imposed as a result of his violation of the conditions of parole in New York. As part of the negotiated plea, defendant preserved the right to appeal the order extending the IAD time period.

The trial court sentenced defendant in accordance with the plea agreement to ten years of imprisonment with eighty-five percent parole ineligibility. During the sentencing hearing, the judge found aggravating factors three, six, and nine and no mitigating factors.[1]

On appeal, defendant raises the following arguments.

POINT I

> THE CONVICTIONS SHOULD BE VACATED AND THE INDICTMENT SHOULD BE DISMISSED BECAUSE THE STATE FAILED TO DEMONSTRATE "GOOD CAUSE" FOR A CONTINUANCE UNDER THE INTERSTATE AGREEMENT ON DETAINERS.

POINT II

> THE MAXIMUM LAWFUL SENTENCE FOR TEN YEARS WITH AN 85% PERIOD OF PAROLE INELIGIBILITY IS MANIFESTLY EXCESSIVE, UNDULY PUNITIVE, AND MUST BE REDUCED.

---

[1] While the sentencing judge discussed aggravating factor nine during the hearing, this factor was not included in the signed judgment of conviction.

A-1328-19

We first consider defendant's argument the State failed to demonstrate good cause in support of continuance under the IAD. We disagree.

Under the IAD, where a party demonstrates good cause, the trial court judge "may grant any necessary or reasonable continuance." N.J.S.A. 2A:159A-3. We analyze good cause for a continuance under the IAD for abuse of discretion. See State v. Buhl, 269 N.J. Super. 344, 356 (App. Div. 1994).

While the sentencing judge discussed aggravating factor nine during the hearing, this factor was not incorporated into the Judgment of Conviction.

The purpose of the IAD "is 'to encourage the expeditious and orderly disposition of such [outstanding] charges and determinations of the proper status of any and all detainers based on untried indictments, informations or complaints' and to provide 'cooperative procedures' for making such determinations." State v. Perry, 430 N.J. Super. 419, 424-25 (App. Div. 2013) (quoting N.J.S.A. 2A:159A-1). The prosecutor is required to proceed to trial within 180 days of written notice of the defendant's current place of imprisonment and his request for a final disposition. N.J.S.A. 2A:159A-3(a). The 180 days may be extended for "good cause." Ibid.

The IAD does not define the term "good cause." See Ghandi v. Cespedes, 390 N.J. Super. 193, 196 (App. Div. 2007). Rather, "the question of whether

good cause exists for a continuance must be resolved from a consideration of the totality of circumstances in the particular case, on the background of the considerations which motivated the interstate agreement, as expressed in N.J.S. 2A:159A-1." State v. Johnson, 188 N.J. Super. 416, 421 (App. Div. 1982) (quoting State v. Lippolis, 107 N.J. Super. 137, 148-49 (App. Div. 1969) (dissenting opinion), rev'd on dissent, 55 N.J. 354 (1970)).

Here, defendant was arrested for a parole violation in New York on June 25, 2018. The Bergen County Prosecutor's Office received written notice triggering the computation of time under IAD on November 8, 2018. Thus, the State was required to prosecute the case against defendant by May 7, 2019.

In March 2019, the State requested a ninety-day extension of time under the IAD. The State provided several reasons in support of the requested extension. First, the State noted substantial discovery remained outstanding. The State explained there were many police reports to be completed, transcripts of the grand jury proceedings were not finished, and an evaluation of forensic evidence pertaining to defendant's electronic devices remained ongoing. In addition, the State required more time to coordinate witness schedules and attend to travel arrangements for the New York State detectives and others who would testify at trial.

After reviewing the written and oral arguments of counsel, the judge granted the State's request for a ninety-day continuance. He found the matter was "a complex case in the sense that it was a homicide." The judge explained,

> based on a totality of the circumstances . . . the State is entitled, has made out good cause, namely the police reports involved are voluminous. We have multi and out-of-state detectives from up New York State. . . . we're waiting for lab results which may or may not be relevant, but nevertheless have not been received by the State. And the State is not asking for a lengthy extension, nor would this [c]ourt grant one.

Having reviewed the record, we are satisfied the State established good cause for a continuance based on the totality of the circumstances and the judge did not abuse his discretion in granting a ninety-day extension under the IAD. Based on the information presented to the judge, the continuance did not undermine the purpose of the IAD, and the State was "working diligently" to proceed to trial.

We next review defendant's argument his sentence was manifestly excessive, unduly punitive, and should be reduced. Again, we disagree.

We review a trial judge's sentence for abuse of discretion. State v. Jones, 232 N.J. 308, 318 (2018). "The reviewing court must not substitute its judgment for that of the sentencing court." State v. Fuentes, 217 N.J. 57, 70 (2014). We will affirm a trial court sentence, unless: "(1) the sentencing guidelines were

7

violated; (2) the findings of aggravating and mitigating factors were not 'based upon competent credible evidence in the record;' or (3) 'the application of the guidelines to the facts' of the case 'shock[s] the judicial conscience.'" State v. Bolvito, 217 N.J. 221, 228 (2014) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).

"A sentence imposed pursuant to a plea agreement is presumed to be reasonable because a defendant voluntarily '[waived] . . . his rights to a trial in return for the reduction or dismissal of certain charges, recommendations as to sentence and the like.'" Fuentes, 217 N.J. at 70-71 (quoting State v. Davis, 175 N.J. Super. 130, 140 (App. Div. 1980)). A sentence recommended as part of a plea bargain may be "vacated if it does not comport with the sentencing provisions of our Code of Criminal Justice." Id. at 71.

Here, the sentencing judge considered the aggravating and mitigating factors in determining the appropriate sentence to be imposed. The judge found aggravating factor three, N.J.S.A. 2C:44-1(a)(3), defendant's risk of committing another offense; aggravating factor six, N.J.S.A. 2C:44-1(a)(6), the extent and seriousness of defendant's prior criminal record; and aggravating factor nine, N.J.S.A. 2C:44-1(a)(9), the need to deter defendant and others from violating the law. In addition, the judge found no mitigating factors.

A-1328-19

The judge explained his reasoning in support of his application and rejection of the various aggravating and mitigating factors. The judge exercised his discretion appropriately in assigning weight to the aggravating factors based on his review of the factual record and defendant's prior criminal history. There is sufficient support in the record for application of aggravating factors three, six, and nine and rejection of all statutory mitigating factors. In addition, the sentence conformed to the plea agreement. Further, the ten-year sentence imposed was within the range for reckless manslaughter, and less severe than might otherwise have been imposed had defendant gone to trial and been convicted.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1328-19