796 A.2d 302 (2002)
350 N.J. Super. 563
Miladys FAMILIA as Administratrix of the Estate of Jose Lozano, Deceased, and As Administratrix Ad Prosequendum, Plaintiff-Appellant,
v.
UNIVERSITY HOSPITAL OF the UNIVERSITY OF MEDICINE AND DENTISTRY OF NEW JERSEY and Dr. M. Silva, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued March 5, 2002.
Decided May 10, 2002.
*303 Douglas D. Burgess, Newark, argued the cause for appellant (Cary & Icaza, attorneys; Mr. Burgess, on the brief).
Thomas J. Pyle, Jr., Roseland, argued the cause for respondents (Post, Polak, Goodsell & MacNeill, attorneys; Jay Scott MacNeill, of counsel; Mr. Pyle, on the brief).
Before Judges PRESSLER,[1] WEFING and COLEMAN.
The opinion of the court was delivered by WEFING, J.A.D.
Plaintiff appeals from four orders entered by two different trial court judges, the last of which dismissed with prejudice her complaint seeking damages for alleged medical negligence in connection with the medical care her husband received in the two months before his death on August 18, 1995. We reverse and remand for further proceedings.
Plaintiff's husband, Jose Lozano, entered University Hospital in Newark, New Jersey, for treatment of an ulcer on his left leg. On June 29, 1995, he underwent a surgical procedure known as aorto-bifemoral bypass in order to improve the circulation in that leg. Complications developed during the course of his recovery and on July 29, 1995, he had further surgery, in which a portion of his colon was removed, which entailed a small bowel resection; his gall bladder was removed as well. The surgery was performed in an effort to treat the gangrene that had developed in his bowel following the initial surgery. Ultimately, he developed sepsis and passed away on August 18, 1995.
Following his death, plaintiff Miladys Familia, Mr. Lozano's surviving spouse, *304 retained counsel to investigate whether her husband's death was the result of medical negligence. In June 1997, she filed a three-count complaint in which the only named defendant was University Hospital of the University of Medicine and Dentistry of New Jersey (UMDNJ) although it did include John Doe and ABC Corp as fictitious defendants.
UMDNJ filed its answer on October 14, 1997. Under N.J.S.A. 2A:53A-27, plaintiff then had sixty days, or until December 13, 1997, to file an appropriate affidavit of merit in support of her complaint. N.J.S.A. 2A:53A-27. In November 1997, prior to the running of the statutory deadline, plaintiff filed a motion under N.J.S.A. 2A:53A-28 seeking a declaration that she was exempt from filing an affidavit of merit because she had requested medical records from UMDNJ and had not received them. The judge to whom the motion was assigned executed an order on December 22, 1997 denying the motion but extending the deadline for submission of the affidavit of merit for thirty days from the date of the order, that is, until January 21, 1998. That judge gave no reasons for not giving plaintiff the full sixty-day extension authorized by N.J.S.A. 2A:53A-27.
Plaintiff was unable to obtain an affidavit of merit within that shortened time frame but did serve an affidavit of merit on UMDNJ on February 3, 1998, less than two weeks after the extended deadline, and well within the period that would have been available if the trial judge had given a sixty-day extension as opposed to a thirty-day extension. Having received and served that affidavit, plaintiff then filed a motion for leave to file an amended complaint, adding Dr. M. Silva, a vascular surgeon, as a defendant, and to extend the time for filing the affidavit of merit.
This motion was assigned to the judge who had entered the order of December 22, 1997. This judge, in an order entered April 3, 1998, granted the motion to amend the complaint but denied the requested extension. In the view of the trial judge, a second extension could not be granted under the statute and, even if it were possible, plaintiff should have sought that extension prior to the expiration of the thirty days the judge had originally granted.
UMDNJ thereafter moved to dismiss plaintiff's complaint for failure to comply with N.J.S.A. 2A:53A-27. The same trial judge granted the motion and dismissed plaintiff's complaint against UMDNJ with prejudice pursuant to an order entered July 10, 1998.
Plaintiff had, in the interim, filed an amended complaint joining Dr. Silva as a defendant. Dr. Silva was represented by the same counsel who had represented UMDNJ throughout. The case against Dr. Silva did not proceed altogether smoothly and various discovery delays were encountered. On March 9, 2000, another trial judge entered an order directing plaintiff to produce certain documentation within twenty days. The material at issue included tax returns and a copy of the funeral bill. When plaintiff did not comply, that trial judge signed an order on June 6, 2000 dismissing plaintiff's complaint without prejudice. Approximately six weeks later, plaintiff informed defendant that she did not have the records and enclosed a consent order restoring the matter to the calendar. There was no response.
There the matter languished until February 2001 when plaintiff filed a motion to restore the matter to the calendar. The motion was accompanied by a certification that plaintiff had no copies of the tax returns, together with a copy of that portion of her deposition in which she responded to the same effect. Defendant cross-moved to dismiss the complaint with *305 prejudice. In opposing that request, plaintiff submitted a copy of the funeral bill which she had been able to obtain and an executed Form 4506 to permit defendant to obtain copies of any tax returns directly from the Internal Revenue Service.
The motion and cross-motion were orally argued before yet another trial judge who entered an order on March 29, 2001 dismissing plaintiff's complaint against Dr. Silva with prejudice.
After reviewing the record, we are satisfied that the orders dismissing plaintiff's complaint with prejudice were erroneously entered and we reverse.
We turn first to the final order, that entered March 29, 2001. There is no indication in the record that the plaintiff's failure to produce copies of her tax returns was a wilful attempt to thwart defendant's discovery requests. She explained that her husband had attended to all such matters for the family prior to his death and she simply did not have the records requested.
The trial judge was understandably concerned about the delay between the dismissal without prejudice, entered in July 2000 and the motion to restore filed in February 2001. Plaintiff's counsel candidly acknowledged his error in this regard, however, and courts should be reluctant to penalize a blameless client for the mistakes of the attorney. Jansson v. Fairleigh Dickinson Univ., 198 N.J.Super. 190, 196, 486 A.2d 920 (App.Div.1985).
In addition, there was no showing that the delay hampered Dr. Silva's ability to defend the substantive merits of the claims asserted against him. The records in question went to the quantum of any possible damages, not to the fundamental issue whether defendant had been negligent in his care and treatment of the decedent. In such a context, if any sanction were appropriate, it should have been crafted with an eye to the harm incurred. A more appropriate sanction, for instance, might have been to preclude any claim for loss of income, rather than dismissal of the entire case with prejudice. To the extent possible, cases should be disposed of on their merits, not on the basis of discovery violations. Abtrax Pharm., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 514, 655 A.2d 1368 (1995).
We turn now to the case against UMDNJ. Here again, we are satisfied plaintiff's case was erroneously dismissed. We recognize that the statutory language of N.J.S.A. 2A:53A-27 limits the court to granting one additional period not to exceed sixty days within which to file the required affidavit of merit. We decline to construe the statute in such a manner as would preclude plaintiff's suit from proceeding. "When a statute is susceptible of an interpretation true to its purpose and that permits plaintiffs to proceed with meritorious claims, [the court] will not add requirements not explicitly set forth that deny plaintiffs their day in court." Burns v. Belafsky, 166 N.J. 466, 470, 766 A.2d 1095 (2001).
In Burns, plaintiff's counsel had the affidavit of merit in his possession at the time he filed the complaint but had inadvertently failed to forward it to defendant's counsel. After defendant moved to dismiss the complaint for failure to supply the affidavit, plaintiff moved for an extension. See Burns v. Belafsky, 326 N.J.Super. 462, 467, 741 A.2d 649 (App.Div.1999). The Supreme Court affirmed this court's ruling that the request for an extension of time did not have to be filed within the original sixty-day deadline. Burns, supra, 166 N.J. at 475, 766 A.2d 1095.
We consider it significant that the statute speaks of granting "no more than one *306 additional period", rather than in terms of "no more than one additional extension." N.J.S.A. 2A:53A-27. We construe the language "one additional period" to indicate that the concern of the Legislature was to set an outer time limit of one hundred twenty days, beyond which no extension could be granted, rather than to limit the number of times an extension could be sought.
Here, plaintiff initially moved within the original sixty-day period. We are unable to discern any reason why the trial judge limited plaintiff to a thirty-day extension, as opposed to the statutorily-authorized sixty days, and the trial judge provided none. Plaintiff had received the affidavit of merit when she filed her second motion, and was still within the period authorized by statute. Absent any stated reason or justification, we must reluctantly characterize that shortened period as arbitrary. Plaintiff should not be penalized for that. Here, as in Burns, the purpose of the requested extension was to file an existing affidavit of merit, not for more time within which to obtain one.
We recognize that decisions whether to grant such extensions, and the appropriate amount of time a party should be afforded, are discretionary determinations. When a trial judge provides no explanation for the determination, however, an appellate court is entitled not to confer upon that determination the deference we might otherwise afford it. Liberty Vill. Assoc. v. West Am. Ins. Co., 308 N.J.Super. 393, 406, 706 A.2d 206 (App.Div.), certif. denied, 154 N.J. 609, 713 A.2d 500 (1998).
We are satisfied that the orders of July 10, 1998, dismissing the complaint with prejudice against UMDNJ and of March 29, 2001 dismissing the case with prejudice against Dr. Silva were erroneously entered.
Reversed and remanded for further proceedings.
NOTES
[1] Judge Pressler did not participate in oral argument. However, the parties have consented to her participation in the decision.