**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2539-18T2

PASSAIC INDUSTRIAL
PROPERTIES, LLC,

      Plaintiff-Appellant,

v.

JOHN MCCUSKER, ANDREW
ANSELMI, BRUCE S. ROSEN,
PAUL F. CARVELLI, individually and
as co-owners of MCCUSKER,
ANSELMI, ROSEN & CARVELLI,
WILLIAM P. MUNDAY, and
SEBASTIAN LENTINI,

      Defendants-Respondents.

_____

PASSAIC INDUSTRIAL
PROPERTIES, LLC,

      Plaintiff-Appellant,

v.

DARRIN LENTINI and CHRISTINA
GERVASI, a/k/a CRISTINA
GERVASI,

Defendants-Respondents.

_____

DARREN LENTINI and CHRISTINA
GERVASI, a/k/a CRISTINA
GERVASI,

     Third-Party Plaintiffs-Respondents,

v.

MCCUSKER, ANSELMI, ROSEN &
CARVELLI, a Professional
Corporation, JOHN B. MCCUSKER,
ANDREW ANSELMI, BRUCE S.
ROSEN, PAUL F. CARVELLI,
individually and as co-owners of
MCCUSKER, ANSELMI, ROSEN &
CARVELLI, and WILLIAM P.
MUNDAY,

     Third-Party Defendants-Respondents.

_____

Argued January 23, 2020 – Decided February 25, 2020

Before Judges Fuentes, Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-0628-16.

Jack S. Dweck, of the New York bar, admitted pro hac vice, argued the cause for appellant (Chris S. Fraser and Jack S. Dweck, attorneys; Chris S. Fraser and Jack S. Dweck, on the briefs).

Christopher James Carey argued the cause for respondents John B. McCusker, Andrew Anselmi, Bruce S. Rosen, Paul

F. Carvelli, William P.Munday, and McCusker, Anselmi, Rosen & Carvelli, PC (Mc Elroy Deutsch Mulvaney & Carpenter, LLP, attorneys; Christopher James Carey, of counsel and on the brief; Daniel Albert Malet, on the brief).

Justin Michael Klein argued the cause for respondent Sebastian Lentini (Marks & Klein, LLP, attorneys; Justin Michael Klein and Steven T. Keppler, on the brief).

Kenneth Nicholas Del Vecchio argued the cause for respondents Darren Lentini and Cristina Gervasi (Stern Kilcullen & Rufolo, LLC, attorneys; Kenneth Nicholas Del Vecchio and Michael Dinger, on the brief).

PER CURIAM

Plaintiff Passaic Industrial Properties, LLC (PIP) appeals from a January 22, 2019 order granting summary judgment and dismissing its complaint against defendants Paul F. Carvelli, William P. Munday, the firm of McCusker, Anselmi, Rosen & Carvelli (collectively law firm defendants), Sebastian Lentini (S. Lentini), Darren Lentini (D. Lentini), and Cristina Gervasi. We affirm dismissal of plaintiff's complaint as to S. Lentini only. We reverse and remand dismissal of plaintiff's complaint as to the law firm defendants, D. Lentini, and Cristina Gervasi.

PIP alleged it suffered damages as a result of defendants' wrongful conduct, including the following: (1) the filing of sham litigation; (2) tortiously

interfering with PIP's contractual relationships; (3) causing the loss of prospective economic advantage; and (4) incurring unnecessary legal fees and costs by asserting frivolous positions regarding PIP's development project.

We summarize the facts giving rise to PIP's complaint. PIP, through its managing member, Joseph Smouha, owns 31.6 acres of land located in the City of Passaic (property). PIP acquired the property around 2013. In October 2014, PIP filed an application with the City of Passaic Zoning Board of Adjustment (Board) for site plan approval and variances for commercial development of the property. At the time it applied to the Board, PIP had a contract to provide preliminary groundwork for construction of a fast-food restaurant on the property. PIP also intended to lease commercial space to other tenants upon completion of the project.

In December 2014, D. Lentini contacted the law firm defendants to determine whether the franchise agreement for his father's fast-food restaurant[1] precluded building the same franchise fast-food restaurant in the area as proposed in PIP's application. Carvelli and Munday explained the law firm defendants could object to PIP's application before the Board. The attorneys

---

[1] D. Lentini is the son of S. Lentini. S. Lentini owns a fast-food restaurant near the property, which D. Lentini manages.

suggested D. Lentini locate three people who lived near the property and would be interested in objecting to PIP's application. D. Lentini identified three such individuals and provided their addresses to the law firm defendants. D. Lentini believed the law firm defendants contacted those individuals to confirm representation of them in opposition to PIP's development proposal.[2]

In 2015, Munday appeared at Board hearings regarding PIP's application on behalf of three individuals who purportedly objected to the project. In fact, the appellate record shows that at the time Munday appeared before the Board as the legal representatives of these three ostensible objectors, none of the attorneys in the firm had ever met these people nor made any attempt to communicate with them directly to confirm authorization to appear before the Board on their behalf. The Board held public hearings on various dates between March 2015 and June 2015, and granted final approval of the application on August 11, 2015.

On September 24, 2015, the law firm defendants filed an action in lieu of prerogative writs challenging the Board's approval of PIP's development application. Once again, the record before this court shows that at the time the

---

[2] D. Lentini had no further contact with the law firm defendants until December 2015 because S. Lentini paid the law firm defendants' bills.

law firm defendants filed this pleading in the Law Division, they had not met, spoken to, or otherwise communicated directly or indirectly with the three persons identified as plaintiffs in the action.

In December 2015, Carvelli and Munday contacted D. Lentini to discuss the three objectors named as plaintiffs in the prerogative writs litigation. The law firm defendants learned PIP obtained certifications from two of the three plaintiffs, stating they had not been contacted by the law firm defendants to pursue a lawsuit against PIP or to appear in opposition to PIP's development application. To the contrary, the two individuals averred they had never spoken to anyone associated with the law firm defendants, and had no opposition to the development of PIP's property. According to PIP, the third named plaintiff was non-existent. Based on these certifications, PIP filed a motion for summary judgment in the action in lieu of prerogative writs.

Upon receipt of PIP's summary judgment motion, the law firm defendants asked D. Lentini and his girlfriend, Gervasi, to secure responsive certifications from two of the plaintiffs. The draft certifications, prepared by the law firm defendants, stated Gervasi, not the law firm defendants, spoke to the two individuals about opposing PIP's commercial development project and filing litigation. The two plaintiffs declined to sign the certifications.

The law firm defendants, realizing their "clients" never retained the firm, sought to voluntarily dismiss the action in lieu of prerogative writs. PIP's attorney declined to sign a stipulation of dismissal because PIP served a Rule 1:4-8 letter seeking sanctions for frivolous litigation.

Without real clients in interest, the law firm defendants were unable to oppose PIP's summary judgment motion. In a January 27, 2016 order, the motion judge granted PIP's motion and dismissed the action in lieu of prerogative writs.

On February 16, 2016, PIP filed a complaint against the law firm defendants, alleging their actions delayed development of the property, resulting in significant financial losses. PIP sought damages for interference with contract, interference with prospective economic advantage, malicious use of process, conspiracy, and intentional malicious conduct.[3]

According to the complaint, PIP had a lease with a fast-food restaurant for a portion of the property, as well as letters of intent with prospective tenants to lease other portions of the property upon completion of the project. PIP claimed that but for the law firm defendants filing "sham" litigation on behalf of

---

[3] The conspiracy and intentional malicious conduct claims were dismissed in a May 20, 2016 order. PIP does not appeal from the dismissal of those claims.

fictitious clients, it would have been able to timely complete construction and receive rental income from the fast-food restaurant and other tenants. PIP asserted the law firm defendants interfered with its efforts to develop the property, "including the submission of baseless objections by them before the [Board] and the Superior Court of New Jersey, with negligent, false, reckless, or baseless representations that they represented clients who were in truth and fact non-existent, or who never engaged their services, and who had no objections to [PIP's] application."

As a result of the conduct of the law firm defendants, PIP alleged it expended "substantial amounts of money," including legal fees associated with "respond[ing] to the [law firm defendants'] baseless objections before the [Board] and in the defense of the [c]ourt proceeding commenced by the [law firm defendants]." PIP's alleged damages were also based on the loss of rental income pursuant to a lease with the fast-food restaurant and unsigned letters of intent with prospective tenants.

The parties served discovery. In their discovery demands, the law firm defendants requested documents referenced in PIP's complaint, including the lease agreement with the fast-food restaurant, and documents supporting PIP's damage claims.

PIP sought to depose Carvelli, Munday, D. Lentini, and Gervasi. Because PIP did not receive deposition dates, PIP's counsel requested a case management conference. At the same time, the law firm defendants claimed PIP's discovery responses were deficient and demanded more specific responses and additional documents.

In May 2017, PIP filed a complaint against D. Lentini and Gervasi, asserting the identical claims alleged in its separate complaint against the law firm defendants. PIP claimed D. Lentini owned a competing fast-food franchise near the proposed fast-food restaurant to be constructed on PIP's property. The pleading stated D. Lentini and Gervasi were the law firm defendants' true clients, and caused PIP to suffer financial losses as a result of their objection to PIP's development project.

Upon receipt of PIP's separately filed lawsuit, D. Lentini and Gervasi served discovery. They requested documents concerning all leases and damages alleged in the complaint, as well as any other information supporting PIP's damage claims. In addition, they sought "[a]ll documents concerning any applications or other submissions made by [PIP] to any State or local agencies or departments (including, without limitation, the Passaic Industrial Board of Zoning Adjustment) concerning the [property]."

PIP moved to consolidate the actions against the law firm defendants, D. Lentini, and Gervasi. In a November 15, 2017 order, PIP's complaints were consolidated. Defendants then filed third-party claims and counterclaims against each other, seeking indemnification and contribution for any damages suffered by PIP.

Subsequent to consolidation, D. Lentini and Gervasi moved to compel discovery from PIP and other relief related to discovery disputes. The law firm defendants requested permission to file a separate motion seeking additional discovery from PIP.

In January 2018, PIP objected to the discovery demanded by D. Lentini and Gervasi. Regarding its damages, PIP explained "sham" objectors to the application before the Board and the frivolous action in lieu of prerogative writs delayed construction of the fast-food restaurant and caused "great loss of income" and expenditure of additional attorney's fees. PIP did not provide the fast-food restaurant lease or any documents related to environmental conditions on the property.

In a February 6, 2018 order, the motion judge extended discovery and compelled PIP to produce documents. The judge ordered PIP to provide documents referenced in the complaint and all other responsive documents no

later than March 9, 2018. The judge's handwritten notation on the February 6, 2018 order indicated: "In the event [PIP] fails to comply with this order, the court will determine the appropriate remedy/sanctions, which may include barring evidence or the dismissal of the action against defendants [D.] Lentini and Gervasi."

In February 2018, the law firm defendants again sought permission to file a motion to compel discovery from PIP. The judge's staff responded "[t]here [was] no need to file a motion" because all discovery issues would be addressed at the case management conference scheduled for March 15, 2018.

At the case management conference, defense counsel stated PIP failed to produce a copy of its lease with the fast-food restaurant despite PIP's reliance on that document in support of its damages. The judge determined the lease would "make or break" PIP's claim for economic damages and ordered the document be produced. PIP's counsel agreed to produce the document but explained PIP required a court order due to a confidentiality provision in the lease agreement.

During the case management conference, defense counsel claimed PIP withheld relevant documents. PIP's attorney told the judge all documents in PIP's possession were produced, except for the lease agreement. PIP's managing

A-2539-18T2

member, who attended the case management conference, did not correct counsel's statement to the judge.

In a March 15, 2018 order, the judge compelled PIP to produce the fast-food restaurant lease by March 19, 2018, and ordered Smouha, Carvelli, D. Lentini, and Gervasi be deposed by May 11, 2018. The judge admonished counsel that if the depositions were not conducted, the matter may no longer be subject to case management. The judge scheduled another case management conference for May 14, 2018.

In accordance with the March 15, 2018 order, PIP provided an April 30, 2014 "ground lease" with the fast-food restaurant. The lease included contingencies related to the environmental condition of the property. Under the lease, the fast-food restaurant could conduct environmental testing regarding the soil and groundwater, and had the right to terminate the lease depending on the testing results.

In April 2018, upon receiving a copy of the March 15, 2018 order compelling disclosure of the "ground lease," the fast-food restaurant sought to intervene in PIP's action and attached a proposed intervenor complaint naming S. Lentini and D. Lentini as defendants. Upon receiving the proposed intervention complaint, defendants first learned the deadlines for necessary

approvals related to construction of the fast-food restaurant had been "extended in several amendments to the [g]round [l]ease."[4]

PIP then filed a motion to amend its complaint to add S. Lentini as a defendant, which the judge granted. PIP alleged S. Lentini owned a competing fast-food restaurant and the law firm defendants secretly acted on behalf of S. Lentini in opposing PIP's development application and filing the action in lieu of prerogative writs. PIP claimed S. Lentini's actions caused it to suffer significant financial losses, including attorney's fees.

The May 15, 2018 case management conference was adjourned to June 6, 2018. Because the judge was unable to complete the conference on June 6, counsel agreed to return the next day to resolve outstanding discovery issues. When counsel returned to court, the judge explained that the Civil Division Presiding Judge had reassigned the case to a different judge. An order was entered extending discovery until October 15, 2018, and scheduling trial for October 29, 2018.[5]

---

[4] The lease amendments, dated November 24, 2015, March 22, 2017, October 8, 2017, and March 21, 2018, were signed by Smouha.

[5] The trial date was subsequently adjourned to February 11, 2019.

On June 8, 2018, the law firm defendants filed a motion to dismiss plaintiff's complaint for violation of court-ordered discovery obligations pursuant to Rule 4:23-2 or, alternatively, for summary judgment. The law firm defendants argued PIP had not produced the lease amendments during discovery. In opposing the motion, PIP's counsel alleged that the documents were not provided because "no one ever asked for them."

Around the same time, S. Lentini served a Rule 1:4-8 letter upon PIP's counsel, demanding withdrawal of the complaint against him. Receiving no response, on June 26, 2018, S. Lentini filed a motion to dismiss PIP's complaint. S. Lentini argued PIP's complaint was filed for an improper purpose, contrary to Rule 1:4-8, and its claims against him were belatedly asserted on the eve of the extended discovery end date.

In July 2018, PIP's counsel renewed requests for the depositions of Carvelli, D. Lentini, and Gervasi. PIP also served a notice to depose S. Lentini. On July 23, 2018, PIP filed a motion to strike the answer on behalf of D. Lentini and Gervasi for failure to provide discovery or, in the alternative, to compel discovery from all defendants.

On August 1, 2018, D. Lentini and Gervasi moved to dismiss PIP's complaint based on documents obtained from the New Jersey Department of

14

Environmental Protection pursuant to a request under the Open Public Records Act, N.J.S.A. 47:1A-1 to -13.[6] From these documents, defense counsel claimed that PIP's development project was delayed due to environmental contamination caused by oil leaking from a 180,000-gallon underground storage tank on the property. Defendants also received subpoenaed documents from the proposed intervenor regarding environmental issues on the property that were never provided by PIP.

All pending motions were assigned to a different judge.[7] On January 18, 2019, the judge heard argument on all outstanding motions. In an omnibus January 22, 2019 order accompanied by a written statement of reasons, the judge granted the law firm defendants' motion for summary judgment, dismissed PIP's complaint with prejudice for discovery violations as to D. Lentini and Gervasi, dismissed PIP's complaint as to S. Lentini, denied as moot S. Lentini's motion to compel discovery, and denied PIP's motion to strike defendants' responsive pleadings or, in the alternative, to compel discovery.

---

[6] The next day, the law firm defendants filed a cross-motion to compel discovery from PIP. On August 9, 2018, S. Lentini, D. Lentini, and Gervasi filed a motion to stay depositions until the resolution of all pending motions.

[7] Five different trial court judges were involved in handling this case between February 2016, when PIP filed its complaint, through January 2019, when the matter was dismissed with prejudice.

A-2539-18T2

The judge granted the law firm defendants' motion because PIP failed to proffer evidence creating a material issue of fact regarding its claim for lost profits associated with the development of its property. In reviewing the ground lease and amendments, the judge determined contingencies in the agreement were not satisfied for reasons attributable to environmental contamination on the property and not the conduct of the law firm defendants. In addition, because the letters of intent from prospective tenants were unsigned, the judge held PIP's claim for money damages related to other commercial tenants failed absent enforceable lease agreements.

While the judge explained his rejection of PIP's lost profit damages, the judge did not address PIP's claim for attorney's fees and costs attributable to the conduct of the law firm defendants, D. Lentini, and Gervasi in filing sham litigation and opposing PIP's development application. PIP sought attorney's fees and costs against these defendants based on tortious interference (count one) and malicious use of process (count four). PIP's tortious interference claim was based, in part, on defendants' baseless objections before the Board and commencement of sham litigation without being retained by actual clients. PIP also alleged malicious abuse of process by these defendants, causing it to incur legal fees and "engage in continuous and protracted litigation." PIP sought

"costs and attorneys' fees in connection with the multiple appearances before the [Board], the defense of the action in [l]ieu of [p]rerogative [w]rit[s], [and] the attorneys' fees incurred in the prosecution of this action."

The judge dismissed PIP's complaint with prejudice as against the law firm defendants, D. Lentini, and Gervasi, finding PIP deliberately violated discovery orders. In his written decision, the judge never explained why the ultimate sanction, dismissing PIP's complaint with prejudice, was warranted as opposed to any of the lesser sanctions available under Rule 4:23-2(b).

In reviewing S. Lentini's motion, the judge dismissed PIP's complaint, finding PIP's inclusion of S. Lentini as a defendant late in the litigation "inexcusable" and unduly prejudicial.

On appeal, PIP argues the judge erred in imposing the drastic sanction of dismissal of its complaint with prejudice for violations of discovery orders. PIP also claims the judge erred in denying its motion to compel discovery.

We first address PIP's argument that the judge's dismissal of its complaint with prejudice was drastic, and a lesser sanction should have been imposed. We review a trial court's sanction for discovery misconduct to determine "whether the trial court abused its discretion." Abtrax Pharm., Inc. v. Elkins-Sinn, Inc.,

139 N.J. 499, 517 (1995). We will uphold a trial court's discovery sanction "unless an injustice appears to have been done." Ibid.

Here, the judge relied on Rule 4:23-2 in dismissing PIP's complaint with prejudice. Under Rule 4:23-2, if a party fails to provide court-ordered discovery, the court may issue "such orders in regard to the failure as are just," including striking the pleading or dismissing the action "with or without prejudice." R. 4:23-2(b)(3).

While a judge has broad discretion in formulating sanctions under R. 4:23-2, any sanction imposed must be "just and reasonable." Conrad v. Robbi, 341 N.J. Super. 424, 441 (App. Div. 2001). Imposition of sanctions for violation of discovery orders requires consideration of "a number of factors, including whether the plaintiff acted willfully and whether the defendant suffered harm, and if so, to what degree." Gonzales v. Safe & Sound Sec. Corp., 185 N.J. 100, 115 (2005).

Dismissal of a claim for failure to comply with discovery is the "last and least favorable option." Il Grande v. DiBenedetto, 366 N.J. Super. 597, 624 (App. Div. 2004). "The varying levels of culpability of delinquent parties justify a wide range of available sanctions against the party violating a court rule . . . . If a lesser sanction than dismissal suffices to erase the prejudice to the non-

delinquent party, dismissal of the complaint is not appropriate and constitutes an abuse of discretion." Georgis v. Scarpa, 226 N.J. Super. 244, 251 (App. Div. 1988). See also Robertet Flavors v. Tri-Form Const., 203 N.J. 252, 274 (2010) (recognizing dismissal as the ultimate sanction to be ordered only when no lesser sanction will suffice to erase the prejudice). Rather than dismissal of an entire action, claims affected by the discovery non-compliance could be precluded as a proper sanction. See Familia v. Univ. Hosp. of N.J., 350 N.J. Super. 563, 568 (App. Div. 2002). Cases should be disposed of on their merits rather than for discovery violations. See Abtrax Pharm., Inc., 139 N.J. at 514.

Although the judge determined PIP's failure to disclose environmental documents and amendments to the ground lease was "disturbing," he never explained why any of the lesser sanctions available under Rule 4:23-2 were inadequate to address PIP's discovery order violations. The judge had a variety of sanctions available in lieu of dismissing PIP's complaint with prejudice. The judge could have precluded PIP from "support[ing] or oppos[ing] designated claims," such as lost profits, based on the failure to produce the ground lease or environmental documents related to the property. See R. 4:23-2(b)(2). Or, he could have dismissed PIP's action without prejudice until the requested discovery was provided. See R. 4:23-2(b)(3). The judge also could have

19

awarded legal fees to defendants in pursuing and obtaining discovery from sources other than PIP. See R. 4:23-2. Absent consideration of lesser sanctions and why any lesser sanctions were inadequate to remedy PIP's violation of discovery orders, the judge abused his discretion by imposing the ultimate sanction and dismissing PIP's complaint with prejudice.

In addition, PIP's damage claims for tortious interference and malicious use of process were based on its legal fees incurred as a result of defendants' baseless objections at the Board hearings and filing sham litigation. These claims are separate from, and independent of, PIP's claims for lost profits. PIP's failure to produce the lease amendment and environmental documents is unrelated to its claim for legal fees based on tortious interference and malicious abuse of process. Thus, the failure to produce those documents did not merit dismissal with prejudice of PIP's complaint in its entirety.

As for the dismissal of PIP's claims against S. Lentini, the judge determined S. Lentini was belatedly named as a defendant, after six extensions of the discovery end date and "lengthy discovery." He concluded PIP's delay in naming S. Lentini as a party was "highly prejudicial, inexcusable and will not be permitted."

A party must demonstrate prejudice as a result of the delay in prosecuting a matter to warrant dismissal. See Moschou v. DeRosa, 192 N.J. Super. 463, 466-67 (App. Div. 1984). "[I]t is the lack of availability of information which results from the delay that is, for the most part, determinative of the issue of substantial prejudice." Mitchell v. Charles P. Procini, D.D.S., P.A., 331 N.J. Super. 445, 454 (App. Div. 2000).

Here, the judge correctly concluded that S. Lentini was prejudiced because the earlier named defendants had over 800 days of discovery. By the time S. Lentini was named as a defendant and served with PIP's complaint, there was only one month left to complete discovery and a trial date had been set.

Having reviewed the record, the judge did not abuse his discretion in finding S. Lentini unduly prejudiced as a result of PIP's late filing of claims against him because S. Lentini's ability to engage in necessary discovery was hampered by the scheduled trial date and denial of any further discovery extensions.

To summarize, we reverse and remand dismissal of PIP's complaint as to defendants other than S. Lentini. We affirm as to dismissal of PIP's complaint against S. Lentini.

A-2539-18T2

Reversed and remanded in part. Affirmed in part. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2539-18T2