NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-2505-19

ESTATE OF LAURA
CHRISTINE SEMPREVIVO
by and through its administrator
ad prosequendum, PATRICIA
SEMPREVIVO, and PATRICIA
SEMPREVIVO and RONALD
SEMPREVIVO in their
own rights,

Plaintiffs-Appellants,

v.

HASSAN LAHHAM,

Defendant,

and

LIVIU HOLCA,

Defendant-Respondent.

| APPROVED FOR PUBLICATION |
| :---: |
| **May 11, 2021** |
| **APPELLATE DIVISION** |

Argued April 14, 2021 – Decided May 11, 2021

Before Judges Fuentes, Whipple[1] and Rose.

---

[1]  Judge Whipple did not participate in oral argument but joins the opinion with consent of the parties.  R. 2:13-2(b).

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-2343-18.

Rook E. Ringer (Lento Law Group, PC) of the Florida bar, admitted pro hac vice, argued the cause for appellants (Lento Law Group, PC, attorneys; Joseph D. Lento, on the briefs).

Michael Heron argued the cause for respondent (Law Office of William L. Brennan, attorneys; William L. Brennan, of counsel and on the brief; Michael Heron, on the brief).

The opinion of the court was delivered by

ROSE, J.A.D.

This appeal implicates the proper application and limitations of Rule 1:13-7, long recognized as an administrative "docket-clearing rule that is designed to balance the institutional needs of the judiciary against the principle that a just result should not be forfeited at the hands of an attorney's lack of diligence." Baskett v. Kwokleung Cheung, 422 N.J. Super. 377, 379 (App. Div. 2011); see also Ghandi v. Cespedes, 390 N.J. Super. 193, 196 (App. Div. 2007); Mason v. Nabisco Brands, Inc., 233 N.J. Super. 263, 267 (App. Div. 1989). Here, we address two issues: (1) whether the good cause or exceptional circumstances standard applies for reinstatement of the complaint in a multi-defendant case, where no defendants have appeared in the case and participated in discovery; and (2) whether the rule empowers the trial court to

dismiss a complaint with prejudice in response to a motion filed by the nondelinquent party.

We conclude the trial court's misapplication of the exceptional circumstances standard under Rule 1:13-7 prevented adjudication of plaintiffs' claims on the merits. Thus, the trial court mistakenly exercised its discretion by denying plaintiffs' motion to reinstate their complaint. We further hold that Rule 1:13-7 neither empowers a trial court to dismiss a cause of action with prejudice nor authorizes a party in a case to affirmatively seek such a drastic sanction as a form of relief. Accordingly, we reverse and remand the January 10, 2020 Law Division order so the matter can be decided on the merits.

The genesis of this appeal is a medical negligence action filed on the eve of the statute of limitations deadline. Because this action was dismissed before either defendant answered the complaint or the parties engaged in the process of discovery, the underlying facts are not well developed. The procedural history is somewhat more protracted. We summarize the facts asserted in the complaint and the procedural history from the record before the trial court.[2]

---

[2] We decline defendant Liviu Holca's invitation to take judicial notice of facts set forth in his responding brief that are gleaned from an action filed by plaintiffs in federal court against other entities arising from the same incident. See N.J.R.E. 201(b)(4) (permitting judicial notice of "records" of a "federal court sitting for this state"). Holca did not append the pleadings from that action, referring us instead to the District of New Jersey's website. See

I.

Laura Christine Semprevivo committed suicide on September 16, 2016. Some two years later, on September 17, 2018, her estate and Patricia Semprevivo and Ronald Semprevivo, in their own rights (collectively, plaintiffs), filed a medical negligence action against defendant medical providers, Hassan Lahham and Liviu Holca. Plaintiffs alleged defendants prescribed opioids while decedent was their patient and thereby "directly caused" her death.

When no further court action was "timely taken" under <u>Rule</u> 1:13-7(b), the trial court issued a written dismissal warning notice. Dated January 25, 2019, the notice advised plaintiffs their complaint would be dismissed within sixty days, on March 26, 2019, for lack of prosecution under <u>Rule</u> 1:13-7, if plaintiffs failed to comply with the rule. Notably, subsection (b) of <u>Rule</u> 1:13-7 recognizes four "events [that] constitute required proceedings that must be

---

Biunno, Weissbard, and Zegas, <u>Current N.J. Rules of Evidence</u>, cmt. 13 on N.J.R.E. 201 (2021) (recognizing "[a] party requesting a [court] to judicially notice matter allegedly within N.J.R.E. 201 must provide the [court] with sufficient information for the [court] to be able to determine that the matter actually does fall within the categories set forth in the Rule and that the matter is in fact noticeable"). In any event, the record does not reflect that Holca requested the trial court to take judicial notice of the federal action or the facts alleged in that matter. Information that was not presented to the trial court for consideration is inappropriate for consideration on appeal. <u>Zaman v. Felton</u>, 219 N.J. 199, 226-27 (2014).

timely taken to avoid the issuance by the court of a written notice of dismissal as set forth in subsection (a)." Relevant here, those events include "(1) proof of service or acknowledgment of service filed with the court; or (2) filing of answer . . . ."

On March 29, 2019, plaintiffs' counsel apparently filed proof of service as to both defendants, but the court issued a deficiency notice, stating: "This is not good service."[3] The following day, the court on its own initiative issued a notice indicating plaintiffs' complaint was dismissed without prejudice for lack of prosecution under Rule 1:13-7.

On July 24, 2019, plaintiffs filed proof of service as to Holca, indicating the summons and complaint were personally served at a specific address in Princeton by delivering those documents to "Ms. Holca," identified as defendant Holca's sister.

On the same date, plaintiffs filed proof of service on Lahham, stating certified and regular mail was sent to Lahham at a specific post office box in

---

[3] In their appendix on appeal, plaintiffs only included the non-conforming proof of service for Holca. In addition, both parties apparently quoted docket entries from the civil case jacket. Although the parties have not included a screen shot or other reproduction of those entries, we have considered their content, to the extent it is not contradicted by documents contained in the record. We take this opportunity to remind the bar that our review is confined to the parties' submissions; access to the civil case jacket is not readily available to this court.

New York City on February 5, 2019. Certified mail was returned unclaimed on March 13, 2019; regular mail was not returned. Plaintiffs also filed a motion to reinstate the complaint under Rule 1:13-7(a).

According to plaintiffs, on July 25, 2019, the court apparently "issued an entry upon the docket" that stated: "When serving a defendant outside of New Jersey (by personal service or by certified/regular mail), an [a]ffidavit of [d]iligent [i]nquiry is required. See R[.] 4:4-4(b)(1)."[4]

In the statement of facts and procedural history set forth in his responding brief on appeal, Holca cites to the "Civil Case Jacket, Trans. ID LCV20191290904, 7/25/2019," stating the trial court issued the deficiency notice "because Dr. Holca was out of state." Holca has not, however, provided a copy of that docket entry.

On July 29, 2019, plaintiffs filed a certification of due diligence as to Lahham, who was served via mail at the New York City post office address. In his responding brief on appeal, Holca states plaintiffs filed an affidavit of

---

[4] Rule 4:4-4(b)(1)(C) prescribes the process for substituted service on an out-of-state defendant. Pursuant to subsection (c) of the rule, "such service shall be effective for obtaining in personam jurisdiction only if the defendant answers the complaint or otherwise appears in response thereto, and provided further that default shall not be entered against a defendant who fails to answer or appear in response thereto." Lahham has not answered plaintiffs' complaint or otherwise entered an appearance in the trial court. He is not a party to this appeal.

diligent inquiry for Lahham, noting plaintiffs "did not correct the service issues with respect to Dr. Holca." However, there is no evidence in the record that Holca challenged personal service of "his sister" at the Princeton address before the trial court.

On August 6, 2019, plaintiffs' present counsel filed a notice of appearance, but plaintiffs' initial counsel remained involved in the matter. The following day, Holca's attorney filed a notice of appearance and thereafter opposed plaintiffs' reinstatement motion.

Following argument on August 19, 2019, the trial court rendered a decision from the bench, denying plaintiffs' motion to reinstate. The court briefly summarized the requirements of Rule 1:13-7. Unpersuaded by plaintiffs' argument that a "clerical error" caused "an improper proof of service" to be "uploaded to the docket on March 29, 2019," the court found plaintiffs neither demonstrated good cause nor exceptional circumstances. The court entered an accompanying order denying plaintiffs' motion without prejudice.

On October 31, 2019, Holca moved to dismiss plaintiffs' complaint with prejudice. According to counsel's certification in support of the motion, because "more than sixty days ha[d] elapsed, [Holca] is moving to dismiss this matter with prejudice." During oral argument before the trial court, Holca's

counsel acknowledged "looking at the rules, there was really nothing [he] saw, which would indicate how to go [sic] for a dismissal with prejudice."  Counsel said he therefore "waited the sixty days" as required for with-prejudice dismissals for "discovery" failures.  See R. 4:23-2(b).  Holca's lawyer further argued, because the statute of limitations had expired, the dismissal without prejudice was "equivalent . . . to a dismissal with prejudice."  Nonetheless, counsel filed the present motion "in an abundance of caution."  Finally, counsel argued plaintiffs failed to file their second reinstatement motion until they were served with Holca's motion to dismiss their complaint with prejudice.

Plaintiffs opposed the motion and again moved to reinstate their complaint.  During oral argument, plaintiffs' counsel cited staffing issues to explain the issues in service.  In support of their motion, plaintiffs filed the certification of their initial attorney who elaborated:

> [1].  In or about March 2019 my office suffered a significant staff loss.  Four paralegals employed with the [firm] left their positions.
>
> [2].  These individuals were responsible for the calendaring and service of this matter.
>
> [3].  As a result of not having the staff to handle my current case load the [c]ourt[']s deficiency notice slipped through the cracks.

A-2505-19

During colloquy with counsel, the trial court indicated it had "re-listened to oral argument" from plaintiffs' initial reinstatement motion and the present hearing was "the first time" that plaintiffs raised "any staffing issue in counsel's office."[5]  Citing our decision in <u>Baskett</u>, the trial court recognized that "absent a finding of fault by the plaintiff and prejudice to the defendant, a motion to restore under the rule should be viewed with great liberality."  422 N.J. Super. at 381 (quoting <u>Ghandi</u>, 390 N.J. Super. at 197).  The court then carried the motion to afford Holca's counsel the opportunity to address whether his client would be prejudiced by reinstatement and any other issues raised during the hearing.

During argument on January 10, 2020, the trial court considered the supplemental arguments of counsel.  The court summarized Holca's prejudice argument as "lapse of time, memory with regard to any events that may have allegedly transpired."  After citing the relevant portions of <u>Rule</u> 1:13-7, the court again determined plaintiffs failed to "present any exceptional circumstances or even good cause as to why the lack of prosecution should be vacated."  The court made no finding as to prejudice to defendant, concluding plaintiffs "fail[ed] to meet the exceptional circumstances standard required

---

[5]  According to the transcript of the August 19, 2019 hearing, plaintiffs' counsel made a single, general reference to "some staff issues."

under the court rule." The court dismissed plaintiffs' complaint with prejudice on Holca's motion, but cited no court rule to support his decision. The same day, the court entered a memorializing order. This appeal followed.

On appeal, plaintiffs reprise their argument that Rule 1:13-7 provides "no procedural basis" for dismissals with prejudice. Plaintiffs contend the trial court erred by applying the heightened Rule 1:13-7(a) exceptional circumstances standard for multi-defendant cases in deciding their reinstatement motion. Plaintiffs argue that under the circumstances presented, the court should have decided their motion under the rule's good cause standard and that good cause existed for reinstatement of the complaint. We agree.

## II.

We review the denial of a motion to reinstate a complaint dismissed for lack of prosecution for abuse of discretion. Baskett, 422 N.J. Super. at 382. A decision constitutes an abuse of discretion when it was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (internal quotation marks omitted). We review legal issues de novo. Alfano v. BDO Seidman, LLP, 393 N.J. Super. 560, 573 (App. Div. 2007). Accordingly, "[a] trial court's interpretation of the law and the legal

consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) (citations omitted).

We begin our analysis by reviewing the text of Rule 1:13-7(a), which begins with the bases for an administrative dismissal of a complaint for lack of prosecution and provides, in pertinent part:

> [W]henever an action has been pending for four months . . . , without a required proceeding having been taken therein . . . , the court shall issue written notice to the plaintiff advising that the action as to any or all defendants will be dismissed without prejudice 60 days following the date of the notice . . . unless, within said period, action specified in subsection (c) is taken. If no such action is taken, the court shall enter an order of dismissal without prejudice as to any named defendant and shall furnish the plaintiff with a copy thereof.
>
> [(Emphasis added).]

Subsection (a) then provides the standards and procedures for reinstatement, permitting a plaintiff whose complaint has been dismissed to file a motion to reinstate the complaint. A court ruling on such a motion must determine whether the plaintiff has established good cause on one hand, or exceptional circumstances on the other, depending on the timing of the motion and the number of parties in the case:

> After dismissal, . . . [i]f the defendant has been properly served but declines to execute a consent

order, plaintiff shall move on good cause shown for vacation of the dismissal. In multi-defendant actions in which at least one defendant has been properly served, the consent order shall be submitted within 60 days of the order of dismissal, and if not so submitted, a motion for reinstatement shall be required. The motion shall be granted on good cause shown if filed within 90 days of the order of dismissal, and thereafter shall be granted only on a showing of exceptional circumstances.

[Ibid.]

We turn to the purpose underlying the exceptional circumstances standard applied by the judge in denying plaintiffs' reinstatement motion. In doing so, we recognize there is no dispute that plaintiffs filed their motion more than ninety days after entry of the March 30, 2019 dismissal order.

The exceptional circumstances standard "was intended to avoid delay where a case has proceeded against one or more defendants, and the plaintiff then seeks to reinstate the complaint against a previously-dismissed additional defendant." Giannakopoulos v. Mid State Mall, 438 N.J. Super. 595, 609 (App. Div. 2014); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 1.2 on R. 1:13-7(a) (2021). The exceptional circumstances standard therefore applies in a multi-defendant case that has proceeded against a properly served defendant prior to the filing of a motion to reinstate a complaint that was administratively dismissed against another defendant.

A-2505-19

The rationale underlying the requirement that a plaintiff demonstrate exceptional circumstances in multi-defendant cases stems from a management problem that arises in such cases. Pressler & Verniero, cmt. 1.2 on R. 1:13-7(a). In multi-defendant cases where the complaint has been dismissed as to only one defendant,

> the case likely will have proceeded and discovery undertaken at least with respect to the action(s) against the remaining defendant or defendants. Thus vacation of the dismissal has the capacity of substantially delaying all further proceedings. To permit appropriate case management, the rule requires the consent order to be submitted within 60 days after the dismissal or, in the alternative, on motion for good cause shown within 90 days of the order of dismissal or on a showing of exceptional circumstances thereafter.
>
> [Ibid.]

When interpreting Rule 1:13-7, a trial court should consider the following governing principles:

> The rules in Part I through Part VIII, inclusive, shall be construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay. Unless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice.
>
> [R. 1:1-2(a).]

13

Moreover, the general concept of relaxing a rule when adherence to it would result in an injustice takes on added significance when a rule involves case management and a party is facing the ultimate sanction of dismissal with prejudice.  As we have observed:

> We appreciate the desirability of the prompt disposal of cases.  Courts should not forget, however, that they merely provide a disinterested forum for the just resolution of disputes.  Ordinarily, the swift movement of cases serves the parties' interests, but the shepherding function we serve is abused by unnecessarily closing the courtroom doors to a litigant whose only sin is to retain a lawyer who delays in filing an answer during settlement negotiations.  Eagerness to move cases must defer to our paramount duty to administer justice in the individual case.
>
> [Audubon Volunteer Fire Co. No. 1 v. Church Constr. Co., 206 N.J. Super. 405, 406 (App. Div. 1986); see also Ghandi, 390 N.J. Super. at 198.]

As we reiterated in Ghandi:  "Because . . . 'any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice,' R. 1:1-2, 'courts should be reluctant to penalize a blameless client for the mistakes of the attorney.'"  390 N.J. Super. at 198 (quoting Familia v. Univ. Hosp. of Univ. of Med. & Dentistry of N.J., 350 N.J. Super. 563, 568 (App. Div. 2002)).  We further noted the "general disinclination to invoke the ultimate sanction of dismissal where the statute of limitations has run."  Ibid. (quoting Mason, 233 N.J. Super. at 268-69).

14

With those principles in mind, we turn to the facts in the present matter. The trial court applied the "exceptional circumstances" standard in <u>Rule</u> 1:13-7 at a juncture in the case when application of that standard did not serve the purpose of the rule. The reinstatement motion was filed after plaintiffs filed proof of service as to both defendants, neither of whom had filed an answer and, clearly, discovery had not ensued. As the trial court recognized at the first hearing on August 19, 2019: "There [wa]s no discovery end date, arbitration or trial date." We therefore conclude the judge's application of the heightened exceptional circumstances standard here is not supported by the plain language of <u>Rule</u> 1:13-7(a), and is inconsistent with that standard's purpose. Indeed, the management problem the rule was intended to address – delay of all further proceedings against defendants that have participated in the case and taken discovery – did not exist.

Our conclusion that the motion judge erred by applying the exceptional circumstances standard under the circumstances presented does not end the inquiry. We consider whether the record supports a determination that plaintiffs demonstrated good cause for the reinstatement of the complaint.

We have recognized the term, "good cause," evades a precise definition. <u>Ghandi</u>, 390 N.J. Super. at 196. Instead, courts applying the good cause standard must exercise "sound discretion in light of the facts and

15                                                    A-2505-19

circumstances of the particular case considered in the context of the purposes of the Court Rule being applied." Ibid. (quoting Delaware Valley Wholesale Florist, Inc. v. Addalia, 349 N.J. Super. 228, 232 (App. Div. 2002)). In Ghandi, we addressed the good cause standard under Rule 1:13-7(a), where the plaintiff failed to request the entry of default. 390 N.J. Super. at 195. We stated that because administrative dismissals are "without prejudice . . . the right to 'reinstatement is ordinarily routinely and freely granted when [the] plaintiff has cured the problem that led to the dismissal even if the application is made many months later.'" Id. at 196 (quoting Rivera v. Atl. Coast Rehab. and Health Ctr., 321 N.J. Super. 340, 349 (App. Div. 1999)).

In Baskett, we applied the Ghandi good cause standard to a trial court's denial of the plaintiffs' motion to reinstate a complaint, where we were disturbed that the dismissal resulted from plaintiffs' initial lawyer's inattention. Baskett, 422 N.J. Super. at 384-85. We also noted that the defendants failed to present any evidence demonstrating they suffered prejudice from the plaintiffs' delay in seeking reinstatement. Id. at 384. We reversed the trial court's order, finding that under the "indulgence mandated by Ghandi," and because the plaintiffs were "essentially blameless, the courthouse doors should not be locked and sealed to prevent their claims from being resolved in the judicial forum." Id. at 385.

Here, application of the principles we espoused in <u>Ghandi</u> and <u>Baskett</u> require reversal of the court's order denying plaintiffs' reinstatement motion. The record is devoid of any blame directly attributable to plaintiffs. Indeed, the certification of plaintiffs' initial counsel expressly specified that the blame lay with the firm's staffing issues.

Just as importantly, Holca did not present the trial court – or this court – with any evidence demonstrating he would be prejudiced if plaintiffs' motion was granted, other than a general and speculative "lapse of . . . memory." <u>See</u> <u>Baskett</u>, 422 N.J. Super. at 385 (finding good cause for reinstatement of a complaint in part because the defendant did not present a "scintilla of evidence" supporting his claim of prejudice).

Having considered the record, we are convinced the good cause standard applied, and was satisfied. We therefore conclude the denial of plaintiffs' motions constituted a mistaken exercise of discretion.

We turn next to plaintiffs' argument that <u>Rule</u> 1:13-7 did not provide a procedural mechanism for dismissal of their complaint with prejudice. As quoted above, the text of the rule is clear and unambiguous. "Dismissals under the rule are 'without prejudice.'" <u>Ghandi</u>, 390 N.J. Super. at 196 (citing <u>R.</u> 1:13-7(a)). Indeed, "[p]aragraph (a) of the rule expressly provides that a dismissal pursuant thereto is without prejudice." Pressler & Verniero, <u>Current</u>

<u>N.J. Court Rules</u>, cmt. 1.1 on <u>R.</u> 1:13-7 (2021). As Holca candidly acknowledged before the motion judge, no other rule authorizes a with-prejudice dismissal where, as here, plaintiffs' pleading was administratively dismissed by the court. Indeed, no case law supports the judge's decision.

We recognize plaintiffs filed their second reinstatement motion only after Holca filed his motion to dismiss with prejudice and, as such, their complaint would have remained dismissed had he not so moved. But the judge denied plaintiffs' initial reinstatement motion "without prejudice" and ultimately erroneously decided the motion under the exceptional circumstances standard. Accordingly, we are not persuaded by Holca's argument that the timing of the parties' countervailing motions precluded reinstatement of plaintiffs' complaint.

Finally, we address Holca's decision to file a motion seeking the dismissal of plaintiffs' case with prejudice as a form of affirmative relief ostensibly available under <u>Rule</u> 1:13-7. A plain reading of the text of <u>Rule</u> 1:13-7 reveals no authority for this form of motion practice. Holca's reliance on the procedural mechanism provided under <u>Rule</u> 4:23-5 is facially irrelevant to the issues involved here. We thus make clear that <u>Rule</u> 1:13-7 does not authorize this type of motion practice.

The denial of plaintiffs' reinstatement motion constituted a mistaken exercise of discretion and the judge erred as a matter of law by dismissing the complaint with prejudice. Accordingly, we reverse and remand the matter so Holca may file an answer or otherwise plead to the complaint, the parties may commence discovery, and the action may be resolved on the merits.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2505-19