729 A.2d 42 (1999)
321 N.J. Super. 340
Eduardo RIVERA, Plaintiff-Appellant,
v.
ATLANTIC COAST REHABILITATION AND HEALTH CARE CENTER, Katherine Onufrat, Sue Covington and Joel Willinger, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued March 9, 1999.
Decided March 26, 1999.
*43 Garrick Slavick for plaintiff-appellant (King, Kitrick, Jackson & Troncone, Brick, attorneys; John J. Jackson, on the brief).
Saul D. Zabell (Frank & Breslow) of the New York bar, Bayport, NY, admitted pro hac vice, for defendants-respondents Atlantic Coast Rehabilitation and Health Care Center and Sue Covington (Jacobs & Associates, attorneys; Neil M. Frank, Farmingdale, NY, and Roger B. Jacobs, Newark, on the brief).
Before Judges PRESSLER and BROCHIN.
The opinion of the court was delivered by PRESSLER, P.J.A.D.
Plaintiff Eduardo Rivera appeals from an order of the Law Division denying his motion to reinstate his complaint against defendants Atlantic Coast Rehabilitation and Health Care Center (Atlantic Coast) and three of its employees, Sue Covington, Katherine Onufrat and Joel Willinger. We reverse. We are satisfied that the dismissal of the complaint pursuant to R. 1:13-7(a) was itself erroneous and that, in any event, plaintiff was clearly entitled to the relief he sought.
Plaintiff filed a four-count complaint against defendants on January 28, 1997, alleging that he had been hired by defendant Atlantic Coast on May 25, 1995, as a certified nursing aide and that his employment had been wrongfully terminated on October 13, 1995. Two theories of wrongful termination were pleaded. First was the claim that it constituted an act of proscribed discrimination under the New Jersey Law Against Discrimination (LAD) since it was motivated by his sexual orientation. The second was that it violated his contractual rights as conferred by the employee manual. On April 7, 1997, prior to service of the complaint on any of the defendants, plaintiff filed a first amended complaint, adding the specific allegation that Covington, Onufrat and Willinger, all of whom had been named as defendants in the original complaint, were employees of Atlantic Coast. That complaint was personally served by a Sheriff's Officer on Atlantic Coast and Covington on May 28, 1997. On Atlantic Coast's request, plaintiff entered into a stipulation extending until July 18, 1997, Atlantic Coast's time to answer. Plaintiff also advised the court on July 21, 1997, that he had no objection to Atlantic Coast's application for pro hac vice representation by its New York attorney.
Pursuant to the first stipulation, Atlantic Coast filed its and Covington's answer to the amended complaint on July 18, 1997. The answer was, however, returned to it by the Clerk on the same day together with a Document Return Letter bearing the notation "Case dismissed Lack of Prosecution 7/11/97." According to plaintiff's attorney, it was only when he received a copy of this letter, at some later but unspecified date, that he realized the case had been dismissed. He moved for its reinstatement by notice of motion filed and served in late October 1997. The motion was supported by plaintiff's attorney's certification reciting the foregoing facts and conceding that his office had received a computer printout notice dated May 29, 1997, advising that the complaint would be dismissed pursuant to R. 1:13-7 unless good cause to the contrary was shown on the July 11, 1997, return date specified therein. The certification also asserted that the notice had been inadvertently filed in his office without the return date being diaried and that was the reason for plaintiff's failure to respond to the dismissal notice. The certification did not dispute *44 that counsel's office received a notice, dated July 14, 1997, advising of the entry, three days previously, of the order of dismissal without prejudice. It did not, however, undertake to account for the three-month delay in seeking relief therefrom.
The motion for reinstatement was denied by order entered on November 21, 1997, immediately following oral argument. Although the six-year statute of limitations had not yet run on that date on the contractual claim, the two-year statute applicable to the LAD claim had. Nevertheless, the court's reason for the denial was that a failure to diary a critical date does not constitute grounds for relief under R. 4:50-1. We think it plain that the judge erred.
We point out, at the outset, that R. 1:13-7(a) authorizes the court to dismiss a civil action "pending in any court for 6 months without any required proceeding having been taken therein...." It is our understanding that the primary utility of the rule has traditionally been the dismissal of cases in which service has not been made on the defendant within six months following the filing of the complaint. See, e.g., Mason v. Nabisco Brands, Inc., 233 N.J.Super. 263, 267, 558 A.2d 851 (App. Div.1989). In any event, we think it plain that the only "required proceeding" that plaintiff could have failed to take was the service of process on the named defendants. The problem, however, is that the action had not been pending for the six months prescribed by the rule at the time of its dismissal on July 11, 1997. R. 4:4-1 requires that the summons issue within ten days following the date of the filing of the complaint. If the six-month period of R. 1:13-7(a) is calculated from ten days following the filing of the amended complaint, it would not have expired until October 17, 1997. And even if calculated from the date of the filing of the original complaint, it would not have expired until August 7, 1997. Moreover, the amended complaint was actually served on two of the defendants, Atlantic Coast and Covington, not only prior to August 7, but also prior to the notice of dismissal, dated May 29, 1997.
While there is nothing in the record to explain the premature notice of dismissal and the premature entry of the order of dismissal vis-a-vis R. 1:13-7(a), we are aware that by order of the Supreme Court dated January 1, 1995, Ocean County, the county of venue here, was made subject to the Differentiated Case Management (DCM) Rules applicable to Camden County. See Current N.J. Court Rules, Differentiated Case Management Rules (following Appendix XVII) (1998). The version of R. 1:13-7(a) included in the Camden County DCM Rules is quite different from the rule of general application, providing in full as follows:
Except as otherwise provided by rule or court order, if within three months of filing of a complaint in a civil action in the Law Division no answer has been filed and plaintiff has neither requested the entry of a default nor taken any other action to prosecute the case, the complaint shall be subject to dismissal for want of prosecution in accordance with the provisions of paragraph (b) of this rule.
We need not address the anomaly of different sets of basic rules governing the practice in different counties, particularly where the set of local rules is of limited accessibility. We regard as obvious the consequent burden placed on lawyers, particularly those with multi-county practices, and the consequent impediment that disparate local practices pose to the constitutional directive of a unified court system. For purposes of deciding this appeal, we may assume the applicability of the Camden County DCM version of R. 1:13-7(a) since we are satisfied that even under that rule, the notice and dismissal were premature.
The Camden County DCM rule excepts from the dismissal list cases in which, even if no answer is filed, plaintiff *45 has nevertheless "taken any other action to prosecute the case" within three months following the date of filing of the complaint. Plaintiff filed his amended complaint within the three-month period. That, in our view, constitutes an "action to prosecute the case." We are of the view that as a matter of the fair reading of the rule as well as of fundamental fairness, the three-month dismissal period must therefore be deemed to run from the date of the filing of the amended complaint rather than the original complaint. But the notice of dismissal here was generated only six weeks after the filing of the amended complaint, and the action was dismissed three months and four days after its filing despite the intervening filing of the stipulation extending the time to answer to a date seven days after the dismissal return date. In sum, as we view the matter, the dismissal of the action violated not only the rule of general application but also the DCM rule.
The erroneous issuance of the notice of dismissal and the consequent erroneous entry of the order of dismissal do not, of course, justify plaintiff's attorney's failure to respond to the dismissal notice. The fact, however, that plaintiff was not in default of any of his litigation responsibilities when the notice of dismissal was sent in error is, however, a circumstance that should have been taken into account in considering plaintiff's subsequent motion to reinstate the complaint. We are persuaded that if there were any doubt as to the granting of the relief he sought, the prematurity of the dismissal should have been a factor weighing heavily in favor thereof.
We consider the motion to reinstate not only in the context of the circumstances surrounding the dismissal, but also in the light of the evident purpose of R. 1:13-7(a). As we explained in Mason v. Nabisco Brands, Inc., supra, 233 N.J.Super. at 267, 558 A.2d 851, the rule is an administrative one "designed to clear the docket of cases that cannot, for various reasons, be prosecuted to completion" and, as we have noted, is typically used where process has not been served. But, as we also pointed out in Mason, since the dismissal is without prejudice, the right of reinstatement is implicit in the rule itself, and hence reinstatement is ordinarily routinely and freely granted when plaintiff has cured the problem that led to the dismissal even if the application is made many months later. Id. at 267-270, 558 A.2d 851. Indeed, in Mason the reinstatement motion, which we held to have been properly granted, was made a year after the dismissal. We also made clear in Mason that the reinstatement always relates back to the date of the filing of the complaint. Id. at 270, 558 A.2d 851.
The problem arises, of course, as it did in Mason, when the statute of limitations has run in the interim. The question, then, is whether that factor should ever militate against grant of the motion. We think the key lies in the way we deal with the analogous situation of a defendant moving for dismissal because of untimely service of process in contravention of R. 4:4-1. In that case, we have uniformly held that even a substantial delayin some cases a year or morewill not bar the continued prosecution of the action where the failure of timely service was either for good cause or attributable only to counsel's neglect and, in addition, the defendant was not prejudiced thereby in the ability to maintain a defense. See, e.g., Crispin v. Volkswagenwerk, A.G., 96 N.J. 336, 345, 476 A.2d 250 (1984); Cooke v. Yarrington, 62 N.J. 123, 129-130, 299 A.2d 400 (1973); McLaughlin v. Bassing, 100 N.J.Super. 67, 70, 241 A.2d 237 (App. Div.1967) (Sullivan, J., dissenting), rev'd on dissent, 51 N.J. 410, 241 A.2d 450 (1968); Mason v. Nabisco Brands, Inc., supra, 233 N.J.Super. at 267-270, 558 A.2d 851; Patterson v. Monmouth Regional High School, 222 N.J.Super. 448, 456-457, 537 A.2d 696 (App.Div.1987). Applying that test here, it is clear that plaintiff himself had no responsibility for the dismissal and, *46 moreover, that defendants did not demonstrate any prejudice to them in maintaining their defense by reason of any event occurring between the date of their attempted filing of their answer in July and plaintiff's motion for reinstatement in October. In that posture, there was no justification at all for the denial of the motion. Clearly, it would be entirely anomalous routinely to deny the dismissal motion of a defendant who was not served with process for many months following filing of the complaintprovided of course that he was not prejudiced by the untimely service of processwhile at the same time sounding the death knell where defendant was served with reasonable dispatch, proceeded to defend, and is unable to demonstrate that any prejudice would result from reinstatement following the court's sua sponte administrative dismissal. That is a fortiori so when the administrative dismissal was improvident and there was in fact no unreasonably untimely service of process by plaintiff and consequently no reliance or expectation by defendants based on a failure of timely service. Thus, under all the circumstances here, plaintiff's right to relief was clear, and its denial was a mistaken exercise of discretion.
We need only briefly address the court's erroneous conclusion that an inadvertent failure to diary a return date was insufficient cause for reinstatement following a dismissal under R. 1:13-7(a). We assume that the judge was relying on decisions of the Supreme Court and this court holding, in respect of an application for relaxation of the time to demand a de novo trial pursuant to R. 4:21A-6, that carelessness or negligence by an attorney or the attorney's office staff is an inadequate basis for relief. See, e.g., Hartsfield v. Fantini, 149 N.J. 611, 619-620, 695 A.2d 259 (1997); Wallace v. JFK Hartwyck at Oak Tree, Inc., 149 N.J. 605, 610, 695 A.2d 257 (1997); Behm v. Ferreira, 286 N.J.Super. 566, 574, 670 A.2d 40 (App.Div.1996). The standard for relief in that instance is, however, the exceedingly stringent one of extraordinary circumstancesa standard having absolutely no applicability here. Compare Zois v. New Jersey Sports & Exposition Auth., 286 N.J.Super. 670, 674-675, 670 A.2d 92 (App.Div.1996) (holding that law office error does not constitute extraordinary circumstances warranting relief from the timely filing of a notice of tort claim under N.J.S.A. 59:8-9). If any standard other than the client's freedom from fault and the absence of prejudice to defendant were to apply here, it would hardly be that of extraordinary circumstances but rather the considerably more liberal excusable-neglect standard of R. 4:50-1(a), which authorizes relief from judgment or order based on a party's "mistake, inadvertence, surprise, or excusable neglect." Excusable neglect has been defined as carelessness "attributable to an honest mistake that is compatible with due diligence or reasonable prudence." Mancini v. EDS, 132 N.J. 330, 335, 625 A.2d 484 (1993). Were that the applicable standard here, we think it plain that it too would require reinstatement. The dismissal order here proceeded from an honest mistake and plaintiff's attorney evinced adequate diligence in the matter by continuing to prosecute it in good faith, having actually served the summons on two defendants, consented to an extension of the time to answer, and consented to the pro hac vice application.
There is a final observation we must make. There were four named defendants here. Two, Atlantic Coast and Covington, were served with process. Two, Onufrat and Willinger, were not, apparently because of plaintiff's inability to locate them. We have no doubt that an administrative dismissal under R. 1:13-7(a), as either a rule of general application or as a DCM rule, does not permit the dismissal of the entire action where one or more of multiple defendants have been served or have answered. Surely, the complaint may be dismissed as to those defendants who have not been served or have not answered. But we perceive nothing in the intent, text, or operation of the *47 rule that could countenance an administrative dismissal in favor of those defendants who have been served and have answered. As to those defendants, there is plainly no lack of prosecution and hence no basis on which a dismissal for that reason is permissible.
The order denying reinstatement is reversed, and we remand for further proceedings.