915 A.2d 39 (2007)
390 N.J. Super. 193
Jayesh GHANDI, Plaintiff-Appellant,
v.
Julia CESPEDES and Jenny M. Cespedes, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Submitted November 14, 2006.
Decided January 24, 2007.
Harkavy, Goldman, Goldman, Caprio & Gerstein, for appellant (Brian M. Gerstein, on the brief).
*40 Respondents did not file a brief.
Before Judges COBURN, R.B. COLEMAN and GILROY.
The opinion of the court was delivered by
GILROY, J.A.D.
Plaintiff Jayesh Ghandi appeals from an order of the Law Division entered on September 15, 2005, denying his motion to restore his complaint to the active trial calendar, and from the order of October 21, 2005, denying his motion for reconsideration. We reverse and remand the matter to the trial court.
This matter arises out of an automobile accident that occurred on November 4, 2001. On October 17, 2003, plaintiff filed a personal injury negligence complaint against defendants. Personal service was effected on November 19, 2003. After defendants failed to file an answer, plaintiff's counsel prepared a request for entry of default but had inadvertently failed to file it. On May 1, 2004, the matter was administratively dismissed pursuant to Rule 1:13-7(a). On or about August 5, 2005, plaintiff's counsel was contacted by counsel for defendants. On August 6, 2005, plaintiff filed a motion to restore on notice to defendants. Although defendants had not objected, the trial court denied the motion stating, "[a]pplication is denied. Good cause not shown why this matter was allowed to remain dismissed for [fifteen] months." On September 30, 2005, plaintiff filed a motion for reconsideration asserting that the delay in the prosecution of the matter was inadvertent, and that "defense counsel has been assigned[,] and they stand ready to file their [a]nswer so that this case can proceed." The unopposed motion was denied on October 21, 2005.
After the appeal was filed, defense counsel informed this court that defendants did not object to the matter being restored to the active trial list. On January 9, 2006, an order of temporary remand was entered, directing the motion judge to issue a supplemental opinion or memorandum, stating his findings of fact and conclusions of law on the motions. On February 8, 2006, the judge filed a letter opinion determining that plaintiff had failed to establish good cause why the matter should be restored to the active trial calendar because "plaintiff's attorney[s] should have monitored this case closely to make sure that (a) they either received a substitution of attorney[,] or (b) they received some type of indication from their client that he was no longer interested in seeking the services of another attorney and that this matter should proceed ahead."
On appeal, plaintiff argues that the trial court erred in denying his motion to restore. We agree.
Rule 1:13-7(a) provides in pertinent part:
Reinstatement of the action after dismissal may be permitted upon submission of a consent order that vacates the dismissal and allows the dismissed defendant to file an answer, provided the proposed consent order is accompanied by the answer for filing, a case information statement and the requisite fee. The entry of the consent order may be permitted in the discretion of the court. Otherwise, reinstatement of the action after dismissal may be permitted only on motion for good cause shown.
"Good cause" is an amorphous term, that is, it "is difficult of precise delineation. Its application requires the exercise of sound discretion in light of the facts and circumstances of the particular case considered in the context of the purposes of the Court Rule being applied." Delaware Valley Wholesale Florist, Inc. v. Addalia, 349 *41 N.J.Super. 228, 232, 793 A.2d 139 (App. Div.2002). Rule 1:13-7(a) is an administrative rule "designed to clear the docket of cases that cannot, for various reasons, be prosecuted to completion." Mason v. Nabisco Brands, Inc., 233 N.J.Super. 263, 267, 558 A.2d 851 (App.Div.1989). Dismissals under the rule are "without prejudice." R. 1:13-7(a). Accordingly, the right to "reinstatement is ordinarily routinely and freely granted when plaintiff has cured the problem that led to the dismissal even if the application is made many months later." Rivera v. Atl. Coast Rehab. Center, 321 N.J.Super. 340, 346, 729 A.2d 42 (App.Div.1999).
Prior to the "Best Practices" amendments, effective September 5, 2000, Rule 1:13-7(a) did not address reinstatement of the complaint; however, it was deemed implicit therein. Ibid. Under the former rule, we directed that trial courts should be guided by the same standards governing motions to dismiss, Rule 4:37-2(a), for failure to issue timely service of process under Rule 4:4-1, when deciding whether to deny a motion to restore when delay has occurred. Ibid. In such cases, "we have uniformly held even a substantial delay  in some cases a year or more  will not bar the continued prosecution of the action where the failure of timely service was either for good cause or attributable only to counsel's neglect and, in addition, the defendant was not prejudiced thereby in the ability to maintain a defense." Id. at 346-47, 729 A.2d 42. (emphasis added). Effective September 5, 2000, the rule was amended to provide for reinstatement after dismissal on a motion for good cause shown. The present rule, effective September 1, 2004, provides an alternate procedure for restoring the complaint by consent order in the discretion of the court. Notwithstanding the adoption of the good cause standard, we are satisfied that, absent a finding of fault by the plaintiff and prejudice to the defendant, a motion to restore under the rule should be viewed with great liberality.
We determine from the motion judge's letter of February 8, 2006, that he found the delay in moving to restore was attributable to certain transgressions of plaintiff's counsel, through no fault of plaintiff. Because defendants had not objected to reinstatement of the matter and were ready to file an answer to facilitate moving it forward to a resolution on the merits, we conclude that the motion judge mistakenly exercised his discretion in denying the motion. Id. at 346-48, 729 A.2d 42.
In Audubon Volunteer Fire v. Church Const. Co., 206 N.J.Super. 405, 407, 502 A.2d 1183 (App.Div.1986), this court, in addressing the denial of a defendant's motion to vacate a default and file an answer out of time, held: "[t]here are ways short of dismissal or default to deal with slowdowns which cost a party money, waste a lawyers' time, prejudice a plaintiff's ability to collect a judgment or a defendant's ability to defend against one, or unjustifiably consume judicial resources." We suggested that the court might look to Rule 1:1-2 in resolving issues of delay: a "court may proceed, in the absence of [a] rule, in any manner compatible with purposes of securing a just determination, simplicity in procedure, fairness in administration and elimination upon justifiable expense and delay." Ibid. (citing R. 1:1-2). See also Rabboh v. Lamattina, 312 N.J.Super. 487, 493, 712 A.2d 240 (App.Div.1998), certif. denied, 160 N.J. 88, 733 A.2d 493 (1999). "Until courts have exhausted means of performing their shepherding function which do not terminate or deeply affect the outcome of a case, they ought not to bar a litigant's way to the courtroom." Audubon Volunteer Fire, supra, *42 206 N.J.Super. at 407, 502 A.2d 1183. In reversing the denial of the motion to vacate the default, Judge Cohen stated:
We appreciate the desirability of the prompt disposal of cases. Courts should not forget, however, that they merely provide a disinterested forum for the just resolution of disputes. Ordinarily, the swift movement of cases serves the parties' interests, but the shepherding function we serve is abused by unnecessarily closing the courtroom doors to a litigant whose only sin is to retain a lawyer who delays in filing an answer during settlement negotiations. Eagerness to move cases must defer to our paramount duty to administer justice in the individual case.
[Id. at 406, 502 A.2d 1183.]
We determine the same principle applicable to the present matter. Because, with certain exceptions not applicable here, "any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice," R. 1:1-2, "courts should be reluctant to penalize a blameless client for the mistakes of the attorney." Familia v. Univ. Hosp. of Univ. of Med. & Dentistry of N.J., 350 N.J.Super. 563, 568, 796 A.2d 302 (App.Div.2002). Moreover, "there is a general disinclination to invoke the ultimate sanction of dismissal where the statute of limitations has run." Mason, supra, 233 N.J.Super. at 268-69, 558 A.2d 851 (quoting Crews v. Garmoney, 141 N.J.Super. 93, 96, 357 A.2d 300 (App.Div.1976)). Accordingly, we reverse and remand the matter to the trial court to enter an order restoring the matter to the active trial calendar.
Reversed and remanded to the trial court.