**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1477-19T1

LEOLA FREEMAN,

     Plaintiff-Appellant,

v.

CLAUDIO DICOVSKIY, and
SONIA DICOVSKIY-JAIME,

     Defendants,

and

BARNERT MEDICAL ARTS
COMPLEX,

     Defendant-Respondent.

_____

          Submitted November 16, 2020 – Decided December 8, 2020

          Before Judges Fasciale and Rothstadt.

          On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-3248-17.

          Law Offices of James Vasquez, PC, attorneys for appellant (James Vasquez and Paul F. O'Reilly, on the brief).

Respondent has not filed a brief.

PER CURIAM

Plaintiff Leola Freeman appeals from the Law Division's denial of her motion to reinstate her complaint for damages arising from injuries she sustained after she slipped and fell in a parking lot allegedly owned or operated by defendant Barnert Medical Arts Complex (Barnert). In February 2019, the court administratively dismissed plaintiff's complaint under Rule 1:13-7 for lack of prosecution. The motion judge later denied plaintiff's motion to reinstate without setting forth any reasons, other than posing the question, "Why has so little been done on this [as it was] filed over 2 years ago?" on the bottom of his order. We reverse, as we conclude the judge's denial was a mistaken exercise of his discretion.

The facts we discern from the motion record are summarized as follows. Plaintiff fell in April 2017 and filed her complaint in September of that year. Plaintiff named Barnert as a defendant, served Barnert's managing agent, and filed an affidavit of service. On January 18, 2018, in response to plaintiff's request, the court entered default against Barnert.

2

On June 28, 2018, plaintiff filed a motion to enter default judgment against Barnert.[1]  The court granted the motion on August 1, 2018, and entered a default judgment against Barnert on the issue of liability only and ordered that a proof hearing be scheduled "by the Civil Division."

By December 1, 2018, the Civil Division had not scheduled a proof hearing.  Instead, on that date, it issued a dismissal notice advising that the matter would be dismissed without prejudice for lack of prosecution on January 29, 2019.  Plaintiff was not aware of the scheduled dismissal because the associate from the firm representing plaintiff did not calendar the notice.  Four days after issuing the dismissal notice, the Civil Division scheduled a proof hearing for January 25, 2019.

Evidently, plaintiff served Barnert with notice of the hearing because on January 18, 2019, an adjuster for Barnert's insurer contacted the associate and plaintiff's counsel, James Vasquez, and advised that she had received notification from her insureds, who were actually Barnert Management, LLC and 680 Broadway Condo Association, that a hearing was scheduled for January 25, 2019.  The adjuster stated that this was the first notification they had

[1]  Prior to the motion being granted, plaintiff entered into a stipulation of dismissal as to defendants Claudio Dicovskiy and Sonia Dicovskiy-Jaime.

3

received, asked if the matter was in litigation, and requested a copy of the summons and complaint.

Vasquez responded to the adjuster and expressed that he would be willing to adjourn the proof hearing. Shortly thereafter, Vasquez again spoke with the adjuster who assured him that she was assigning counsel to the matter and filing an answer.

On January 22, 2019, plaintiff requested an adjournment of the proof hearing.[2] Nevertheless, Barnert never filed an answer or motion, and the matter was dismissed without prejudice for lack of prosecution on February 1, 2019. On May 17, 2019, the associate handling plaintiff's case left plaintiff's counsel's firm.

On October 4, 2019, a different associate at the firm filed a motion to amend the complaint to properly name "Barnert Management LLC" and "680 Broadway Condo Association" as parties. The attorney evidently did so without knowledge that the complaint had been administratively dismissed. Three days

---

[2] There is nothing in the record to indicate whether the judge that would have been presiding over the proof hearing approved, denied, or otherwise responded to plaintiff's request to adjourn. Regardless, it is clear that the January 25 proof hearing did not take place.

later, the Civil Division notified the attorney that the matter had been dismissed without prejudice.

On October 17, 2019, plaintiff's counsel filed a motion to reinstate her complaint, supported by a certification from counsel explaining why the matter had been dismissed without a reinstatement having been applied for sooner. Notably, counsel acknowledged the firm's errors in handling the dismissal notice but pointed out that the client did not contribute in any manner to the delay.

On November 4, 2019, the motion judge denied plaintiff's motion to amend because the matter was dismissed without prejudice and on November 14, 2019, denied the motion to reinstate her complaint for the reason already noted. This appeal followed.

We review an order denying reinstatement of a complaint "dismissed for lack of prosecution [for] an abuse of discretion." Baskett v. Kwokleung Cheung, 422 N.J. Super. 377, 382 (App. Div. 2011).

> Rule 1:13-7(a) provides, in relevant part:
>
> except as otherwise provided by rule or court order, whenever an action has been pending for four months . . . without a required proceeding having been taken therein . . . the court shall issue written notice to the plaintiff advising that the action as to any or all defendants will be dismissed without prejudice 60 days following the date of the notice . . . unless, within said period, action specified in subsection (c) is taken. If no

such action is taken, the court shall enter an order of dismissal without prejudice as to any named defendant and shall furnish the plaintiff with a copy thereof.

Under the Rule, an order of dismissal should not be entered where, among other events, "a default judgment is obtained, if the required action not timely taken was failure to convert a default request into a default judgment." R. 1:13-7(c).

"[Rule] 1:13-7 is an administrative rule designed to clear the docket of cases in which [a] plaintiff has failed to perform certain acts." Pressler & Verniero, Current N.J. Court Rules, cmt. 1.1 on R. 1:13-7 (2020); see also Mason v. Nabisco Brands, Inc., 233 N.J. Super. 263, 267 (App. Div. 1989). "Dismissals under the Rule are 'without prejudice.'" Ghandi v. Cespedes, 390 N.J. Super. 193, 196 (App. Div. 2007) (quoting R. 1:13-7(a)). "Accordingly, the right to 'reinstatement is ordinarily routinely and freely granted when plaintiff has cured the problem that led to the dismissal even if the application is made many months later.'" Ibid. (quoting Rivera v. Atl. Coast Rehab. Ctr., 321 N.J. Super. 340, 346 (App. Div. 1999)).

In deciding a motion to reinstate under these circumstances, "[e]agerness to move cases must defer to [the court's] paramount duty to administer justice in the individual case." Id. at 198 (quoting Audubon Volunteer Fire Co. No. 1

6

v. Church Const. Co., 206 N.J. Super. 405, 406 (App. Div. 1986)).  To this end, our Rules are to "be construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay."  R. 1:1-2(a).  As the circumstances require, "[u]nless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice."  Ibid.

Applying these guiding principles, we conclude the motion judge mistakenly exercised his discretion by denying plaintiff's motion based on what appears to have been only the age of the case.  The appropriate standard under the Rule was "good cause," especially since the other defendants had already been dismissed from the case.[3]  See R. 1:13-7(a) ("reinstatement of an action against a single defendant may be permitted . . . [i]f a defendant has been properly served but declines to execute a consent order, [whereupon] plaintiff shall move on good cause shown for vacation of the dismissal.").  Under the good cause standard, a court should grant a plaintiff's motion to reinstate a

---

[3]  This was not a case involving numerous defendants warranting the application of a "higher standard [of exceptional circumstances.  That standard] was intended to avoid delay where a case has been proceeding against one or more defendants, and the plaintiff then seeks to reinstate the complaint against a previously-dismissed additional defendant."  Giannakopoulos v. Mid State Mall, 438 N.J. Super. 595, 609 (App. Div. 2014); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 1.2 on R. 1:13-7 (2020).

complaint liberally "absent a finding of fault by the plaintiff and prejudice to the defendant." Baskett, 422 N.J. Super. at 381 (quoting Ghandi, 390 N.J. Super. at 197).

Here, plaintiff was completely blameless. See id. at 380, 385; Giannakopoulos, 438 N.J. Super. at 608 ("an innocent plaintiff should not be penalized for [her] attorney's mistakes"). Moreover, defendant never objected to the reinstatement. See Baskett, 422 N.J. Super. at 385 (finding good cause for reinstatement of a complaint in part because the defendant did not present a "scintilla of evidence" supporting his claim of prejudice); Ghandi, 390 N.J. Super. at 197 (finding the court erred in denying a reinstatement motion in part because the defendants failed to object to the reinstatement motion).

It was apparent in this case that the motion judge gave no consideration to the good cause established by plaintiff, as demonstrated by the fact that plaintiff had made service upon the defaulting defendant, obtained a default judgment as to liability, and was ready to proceed at the proof hearing when it was eventually scheduled by the Civil Division. There would have been no delay in this matter, which plaintiff was otherwise diligently pursuing, but for an associate's error and plaintiff's counsel's reliance on Barnert's representative's assurances. Under these circumstances, the motion to dismiss should not have been denied.

Reversed and remanded for further proceedings consistent with our opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION