**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1223-23

TRILBY TENER, M.D.,

    Plaintiff-Appellant,

v.

SURGAIDEI, LLC, SURGERY ON
DEMAND, LLC, and KATAYOUN
VOSSOUGH, individually,

    Defendants,

and

KHASHAYAR VOSOUGH, M.D.,[1]

    Defendant-Respondent.

_____

Submitted November 19, 2024 – Decided December 13, 2024

Before Judges Chase and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-6135-19.

---

[1] Khashayar Vosough, M.D. improperly pled as Khashayar Vossough, M.D.

Levine Haddad & Gregory, LLC, attorneys for appellant (Peter L. Nichols, on the briefs).

Piro, Zinna, Cifelli, Paris & Genitempo, LLC, attorneys for respondent (Alan Genitempo, of counsel and on the brief).

PER CURIAM

Plaintiff Trilby Tener, M.D., appeals from a December 8, 2023 Law Division order granting defendant Khashayar Vosough, M.D.'s motion for reconsideration and vacating its prior order reinstating plaintiff's complaint after an administrative dismissal without prejudice pursuant to Rule 1:13-7(a). For the following reasons, we affirm.

I.

We discern the salient facts from the motion record before the trial court. On August 27, 2019, plaintiff filed a complaint against defendant, Khashayar Vosough, M.D. and two other defendants, asserting fraud and breach of contract claims. Plaintiff claimed that defendant, as plaintiff's prior employer, failed to pay her compensation in accordance with an employment contract.

The record contains an affidavit of service stating defendant's mother was served with process directed to defendant at his parents' address in Clifton, New Jersey on October 18, 2019. Default was entered against defendant on January

2

14, 2020. There was no affidavit filed evidencing service or the entry of default on either of the other two defendants.[2]

Defendant had not resided with his parents since 1997 and never resided at the Clifton address. In 2017, defendant provided plaintiff with his then-current address in Mount Vernon, Illinois. Plaintiff did not attempt to serve defendant at his last known address in Illinois, nor did she take any efforts to discover defendant's new address in Hawthorne, New Jersey as of 2019. Plaintiff provides no submission as to the factual basis for service on defendant's parents in Clifton or the failure to serve defendant at his last relayed address.

Since plaintiff failed to move for default judgment, plaintiff's complaint was administratively dismissed for lack of prosecution pursuant to Rule 1:13-7(a). Nearly three years after the October 17, 2020 dismissal, plaintiff moved to reinstate her complaint. Defendant's parents gave him a copy of the motion, which was delivered to their address, and he submitted opposition. In an October 10, 2023 order, the trial court granted plaintiff's motion without issuing an oral or written statement of reasons.

---

[2] The record before us does not establish whether the complaint against the other two defendants was dismissed pursuant to Rule 1:13-7 or otherwise adjudicated.

A-1223-23

Defendant filed a motion for reconsideration of the trial court's order reinstating the complaint. The trial court granted the motion and issued a written decision, finding reinstatement of the complaint was inappropriate because plaintiff failed to establish proper service of the complaint on defendant. The trial court held that, absent showing that defendant was properly served, plaintiff had not satisfied either the good cause or exceptional circumstances standard pursuant to Rule 1:13-7(a). Thus, the trial court vacated its October 10, 2023 order, leaving plaintiff's complaint dismissed without prejudice under Rule 1:13-7.[3]

This appeal followed.

## II.

We review a trial judge's decision to grant or deny a motion for reconsideration under Rule 4:42-2 for an abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). The denial of a motion to reinstate a complaint dismissed for lack of prosecution is also reviewed under this standard. Baskett v. Kwokleung Cheung, 422 N.J. Super. 377, 382 (App. Div. 2011). An abuse of discretion "arises when a decision is 'made without a rational

_____

[3] Although plaintiff asserts she has filed suit against her former attorney, any such litigation has no impact on our decision.

A-1223-23

explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. I.N.S., 779 F.2d 1260, 1265 (7th Cir. 1985)).

We review legal issues de novo. Alfano v. BDO Seidman, LLP, 393 N.J. Super. 560, 573 (App. Div. 2007). "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Administrative dismissals pursuant to Rule 1:13-7(a) are meant to clear "the docket of cases that cannot, for various reasons, be prosecuted to completion." Mason v. Nabisco Brands, Inc., 233 N.J. Super. 263, 267 (App. Div. 1989). "Dismissals under the rule are 'without prejudice.'" Ghandi v. Cespedes, 390 N.J. Super. 193, 196 (App. Div. 2007) (citing R. 1:13-7(a)).

Rule 1:13-7(a) allows for reinstatement of a dismissed complaint for lack of prosecution stating in pertinent part:

> [W]henever an action has been pending for four months . . . without a required proceeding having been taken therein . . . the court shall issue written notice to the plaintiff advising that the action as to any or all defendants will be dismissed without prejudice [sixty] days following the date of the notice . . . unless, within said period, action specified in subsection (c) is taken. If no such action is taken, the court shall enter an order

5

of dismissal without prejudice as to any named defendant and shall furnish the plaintiff with a copy thereof.

In order to avoid dismissal, a plaintiff must (1) file proof of service or acknowledgment of service; (2) have default entered; (3) obtain a default judgment; or (4) an answer must be filed. R. 1:13-7(b) and (c).

Rule 1:13-7(a) sets forth two methods for reinstating a complaint against a single defendant, providing the complaint may be reinstated by "a consent order vacating the dismissal and allowing the dismissed defendant to file an answer." R. 1:13-7(a). "If a defendant has been properly served but declines to execute a consent order, plaintiff shall move on good cause shown for vacation of the dismissal." Ibid. Rule 1:13-7(a) further provides:

> After dismissal . . . [i]n multi-defendant actions in which at least one defendant has been properly served, the consent order shall be submitted within [sixty] days of the order of dismissal, and if not so submitted, a motion for reinstatement shall be required. The motion shall be granted on good cause shown if filed within [ninety] days of the order of dismissal, and thereafter shall be granted only on a showing of exceptional circumstances.

In Semprevivo, we held that despite the text of the Rule, the exceptional-circumstances standard applies only "in a multi-defendant case that has proceeded against a properly served defendant prior to the filing of a motion to

6

reinstate . . . ." Est. Of Semprevivo v. Lahham, 468 N.J. Super. 1, 12 (App. Div. 2021). We found in that case the good cause standard applied because the case had not proceeded against any of the defendants. Id. at 11.

"Accordingly, the right to 'reinstatement is ordinarily routinely and freely granted when plaintiff has cured the problem that led to the dismissal even if the application is made many months later.'" Ghandi, 390 N.J. Super. at 196, (quoting Rivera v. Alt. Coast Rehab. Ctr., 321 N.J. Super. 340, 346 (App. Div. 1999)). "Eagerness to move cases must defer to our paramount duty to administer justice in the individual case." Id. at 198 (quoting Audubon Volunteer Fire Co. No. 1 v. Church Const. Co., 206 N.J. Super. 405, 406 (App. Div. 1986)).

Applying these principles, we conclude the trial court properly exercised its discretion to deny plaintiff's motion to reinstate her complaint because the motion record did not evidence service of process on defendant in the manner required under Rule 4:4-4(a)(1). Our court rules dictate the primary method of service on an individual is "by delivering a copy of the summons and complaint to the individual personally; or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the

household of the age of [fourteen] years or over then residing therein . . . ."  R. 4:4-4(a)(1).

Defendant's submission regarding his residence is substantively unrebutted.  Plaintiff's affidavit of service states the complaint was served on defendant's mother at his parents' Clifton, New Jersey residence on October 18, 2019.  Defendant has never resided at this address, nor has he lived with his parents since 1997.  Defendant further certifies that he was not personally served with the complaint, and he was unaware of the pending litigation until his parents gave him plaintiff's motion to reinstate.  Since there is no evidence of personal delivery of the complaint on defendant or "leaving [of] a copy [] at his dwelling house or usual place of abode[,]" we conclude defendant was not properly served in accordance with Rule 4:4-4.

We make no determination as to whether the "exceptional circumstances" standard was properly applied to plaintiff's motion to reinstate because we were not provided with any evidence of the status of the complaint against the two remaining defendants.  Under our jurisprudence, whether plaintiff's complaint was dismissed against the other two defendants under Rule 1:13-7 informs our decision.

However, we need not reach that issue. Regardless of whether the "good cause" or "exceptional circumstances" standard applies to plaintiff's reinstatement motion, prevailing law compels the conclusion that plaintiff was not entitled to reinstatement of her complaint because she had not cured the defect that led to the dismissal by properly serving defendant prior to moving for relief. Since plaintiff failed to effectuate proper service on defendant, she has not established the predicate required to reinstate the complaint pursuant to Rule 1:13-7(a), under any standard.

Plaintiff has not cited any legal authority supporting her application for reinstatement without curing the defect that led to the dismissal based solely on counsel's inaction. As set forth by the trial court, in some contexts, attorney mistakes will not support relaxation of the rules. See Wallace v. JFK Hartwyck at Oak Tree, 149 N.J. 605, 607 (1997) (finding that an "attorney's 'mere carelessness' or 'lack of proper diligence' is insufficient to relax the thirty-day deadline for filing a trial de novo under the 'extraordinary circumstances' exception").

Reconsideration is appropriate where a trial court determines a prior decision should be modified in the interest of justice. Accordingly, we conclude the trial court did not abuse its discretion in granting defendant's motion for

reconsideration pursuant to Rule 4:42-2 and vacating its prior reinstatement order in the interest of justice based on its erroneous entry, absent proper service on defendant. Lawson v. Dewar, 468 N.J. Super. 128, 134 (App. Div. 2021) (reconsideration of an interlocutory order "shall be subject to revision at any time before the entry of final judgment in the sound discretion of the court in the interest of justice"). We do not forecast the outcome of any further motion plaintiff may file with the trial court after curing the defect that led to the dismissal.

To the extent we have not addressed any of plaintiff's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-1223-23