**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0977-24

LIEUTENANT DAWN SHYNER,

    Plaintiff-Appellant,

v.

STATE OF NEW JERSEY, THE
OFFICE OF THE ATTORNEY
GENERAL OF THE STATE OF
NEW JERSEY, COLONEL RICK
FUENTES, MAJOR MARK
WONDRACK (ret.), MAJOR
ANTHONY CERAVOLO,
CAPTAIN JAMES RYAN,
LIEUTENANT ANTHONY GUIDI,
MARY BETH WOOD, DEPUTY
ATTORNEY GENERAL-CHIEF
LEGAL COUNSEL TO THE NEW
JERSEY STATE POLICE,

    Defendants-Respondents.

_____

Argued November 12, 2025 – Decided December 8, 2025

Before Judges Susswein and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0951-22.

Gregg L. Zeff argued the cause for appellant (Zeff Law Firm, LLC, attorneys; Gregg L. Zeff, on the briefs).

Jemi G. Lucey argued the cause for respondents (Greenbaum, Rowe, Smith & Davis LLP, attorneys; Jemi G. Lucey, of counsel and on the brief; Charles J. Vaccaro, on the brief).

PER CURIAM

Plaintiff Dawn Shyner appeals from a November 18, 2024 order denying her motion to reinstate her complaint and for reconsideration of an order denying her motion for leave to file an amended complaint. We affirm in part and vacate and remand in part.

I.

Plaintiff was a Lieutenant with the New Jersey State Police ("NJSP"). In November 2016, she filed an initial lawsuit alleging that she was deprived of a promotion and retaliated against under New Jersey Law Against Discrimination, N.J.S.A. 10:5-12 to -50 ("NJLAD") and Conscientious Employee Protection Act, N.J.S.A. 34:19-1 to -14 ("CEPA").

According to the complaint, plaintiff worked in the Investigation Section and was responsible for overseeing the backgrounds checks of applicants who were to enter the police academy. Plaintiff alleged that she complained that the

2

NJSP lied to the National Association for the Advancement of Colored People about the NJSP's hiring practices.

Plaintiff's claim of retaliation rested on an internal investigation stemming from an October 2014 domestic dispute between plaintiff and her husband resulting in a 911 call. Plaintiff was ultimately charged with three disciplinary offenses that included violations of NJSP Standard Operating Procedures and lack of candor. Plaintiff filed an Office of Administrative Law ("OAL") appeal challenging the disciplinary charges. She alleged that the internal investigation was mismanaged to avoid promoting her.

In February 2018, the court stayed the initial lawsuit pending the OAL adjudication. The order indicated that after final adjudication of the OAL hearing, "the Civil Action before this Court shall resume by way of a Case Management Conference to be scheduled by this Court."

In December 2018, the OAL issued an Initial Agency Decision recommending that the three disciplinary charges against plaintiff be dismissed. The NJSP filed exceptions. In March 2019, the NJSP Acting Superintendent issued a Final Agency Decision that modified the OAL findings and imposed a forty-day suspension for two disciplinary violations.

3

Plaintiff subsequently appealed and we reversed one of the two disciplinary charges and remanded the remaining disciplinary charge for the Acting Superintendent to determine the appropriate penalty for the one remaining charge. In the Matter of Dawn Shyner, Lieutenant #5217, Docket No. A-3546-18 (App. Div. Sept. 1, 2020). In October 2020, the NJSP Acting Superintendent filed imposed a twenty-day suspension. Plaintiff did not appeal, and the discipline became final in December 2020.

A case management conference was held in April 2021. The court determined that plaintiff should re-file the matter as a new case, creating a new docket, so that it may proceed with discovery. There was a second case management conference in November 2021. Following this case management conference, counsel for plaintiff proposed an "updated complaint." Defense counsel advised plaintiff that they would not consent to filing a proposed updated complaint but would consent to dismissal of the existing complaint without prejudice and to re-filing of the initial complaint with the understanding they would not pursue a statute of limitations defense on all the original claims pled.

In May 2022, plaintiff re-filed the original complaint under a new docket number ("new lawsuit"). The new lawsuit was identical to the initial lawsuit.

4

Six months later, pursuant to <u>Rule</u> 4:37-1, a stipulation of dismissal for the initial lawsuit was filed by plaintiff.

In June 2022, plaintiff filed a motion to file an amended complaint in the new lawsuit. The proposed amended complaint made two changes. First, it added substantive facts to the original complaint. Second, it included additional claims based on alleged new acts of retaliation against new defendants that occurred between the initial lawsuit filed in 2016 and June 2022.

While plaintiff's motion for leave to amend was pending, the court issued a lack of prosecution dismissal warning. On December 10, 2022, the new lawsuit was administratively dismissed without prejudice for lack of prosecution pursuant to <u>Rule</u> 1:13-7.

After the matter had been dismissed for six months, in an August 31, 2023 written opinion and accompanying order, the trial court denied plaintiff's motion to file an amended complaint.[1] In denying plaintiff's motion, the trial court found that plaintiff's proposed amended claims were time-barred, the continuing

---

[1] Plaintiff does not appeal from the August 31, 2023 order. If a party only appeals from "the order entered on a motion for reconsideration, it is only that proceeding and not the order that generated the reconsideration motion that may be reviewed" on appeal. Pressler, <u>Current N.J. Court Rules</u>, comment 5.1 on <u>R.</u> 2:5-1 (2025); <u>see also</u> <u>W.H. Indus., Inc. v. Fundicao Balancins, Ltda</u>, 397 N.J. Super. 455, 458-59 (App. Div. 2008).

violations doctrine did not apply because plaintiff was not able to connect her alleged retaliatory discrete acts back to the non-time barred period, and plaintiff did not claim a hostile work environment under the LAD. The court also held there was no equitable tolling because, after the stay was lifted, plaintiff still had seven months to file a LAD claim based on an alleged retaliatory transfer, but plaintiff failed to do so.

A year later, plaintiff filed a motion to reinstate the case, and for reconsideration of the trial court's August 31, 2023 order denying her motion for leave to amend. On November 18, 2024, the trial court denied both motions.

This appeal followed.

II.

First, plaintiff contends the court erred in failing to reinstate the complaint because it applied the wrong standard. Plaintiff's argument has merit. We conclude that the matter should be remanded for the court to determine if reinstatement is warranted under the proper standard.

Our review of an order denying reinstatement of a complaint dismissed for lack of prosecution is limited. "We review the denial of a motion to reinstate a complaint dismissed for lack of prosecution for abuse of discretion." Est. of Semprevivo v. Lahham, 468 N.J. Super. 1, 11 (App. Div. 2021). A trial court

abuses its discretion when it makes a decision "without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Ibid. (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

Rule 1:13-7(a) sets forth the bases for an administrative dismissal of a complaint for lack of prosecution as well as the standards and procedures for reinstatement, permitting a plaintiff whose complaint has been dismissed to file a motion to reinstate the complaint. Id. at 11.

> After dismissal, . . . [i]f the defendant has been properly served but declines to execute a consent order, plaintiff shall move on good cause shown for vacation of the dismissal. In multi-defendant actions in which at least one defendant has been properly served, the consent order shall be submitted within 60 days of the order of dismissal, and if not so submitted, a motion for reinstatement shall be required. The motion shall be granted on good cause shown if filed within 90 days of the order of dismissal, and thereafter shall be granted only on a showing of exceptional circumstances.
>
> [R. 1:13-7(a).]

Rule 1:13-7 is a "docket-clearing rule that is designed to balance the institutional needs of the judiciary against the principle that a just result should not be forfeited at the hands of an attorney's lack of diligence." Baskett v. Kwokleung Cheung, 422 N.J. Super. 377, 379 (App. Div. 2011). "Accordingly,

A-0977-24

the right to 'reinstatement is ordinarily routinely and freely granted when plaintiff has cured the problem that led to the dismissal even if the application is made many months later.'" Ibid. (quoting Rivera v. Atl. Coast Rehab. & Health Care Ctr., 321 N.J. Super. 340, 346 (App. Div. 1999)). "[A]bsent a finding of fault by the plaintiff and prejudice to the defendant, a motion to restore under the rule should be viewed with great liberality." Id. at 197.

In Estate of Semprevivo, 468 N.J. Super. at 12, citing to Rule 1:1-2(a)[2], we held the exceptional-circumstances standard "applies in a multi-defendant case that has proceeded against a properly served defendant prior to the filing of a motion to reinstate." The exceptional circumstances standard "was intended to avoid delay where a case has proceeded against one or more defendants, and the plaintiff then seeks to reinstate the complaint against a previously-dismissed additional defendant." Giannakopoulos v. Mid State Mall, 438 N.J. Super. 595,

---

[2] Rule 1:1-2(a) provides:

> The rules in Part I through Part VIII, inclusive, shall be construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay. Unless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice.

609, 106 A.3d 507 (App. Div. 2014); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 1.2 on R. 1:13-7(a) (2021). However, we applied the good-cause standard because the case had not proceeded against any of the defendants. Estate of Semprevivo, 468 N.J. Super. at 14.

Given that this case did not proceed against any of the defendants from the date of the dismissal to the motion for reinstatement, the trial court's order in which it applied the extraordinary circumstances standard was mistaken. The proper standard for the court to consider plaintiff's reinstatement application under Rule 1:13-7(a) was good cause.

"[T]he term, 'good cause,' evades a precise definition." Ibid. "[C]ourts applying the good cause standard must exercise 'sound discretion in light of the facts and circumstances of the particular case considered in the context of the purposes of the Court Rule being applied.'" Ibid. (quoting Ghandi v. Cespedes, 390 N.J. Super. 193, 196 (App. Div. 2007)). Courts should determine whether the reason for the dismissal was due to plaintiff's actions or "'attributable only to counsel's neglect[.]'" Id. at 197 (quoting Rivera v. Atl. Coast Rehab. & Health Care Ctr., 321 N.J. Super. 340, 346-47 (App. Div. 1999)). Courts must also make findings on whether the defendant will be prejudiced if the motion to

reinstate the complaint is granted.  See Baskett v. Kwokleung Cheung, 422 N.J. Super. at 384.

While the "record is devoid of any blame . . . directly attributable to plaintiff[]," Est. of Semprevivo, 468 N.J. Super. at 15, we note the record is also devoid of any reason proffered by plaintiff or plaintiff's counsel that would explain the delay.  We take no position on whether plaintiff has met the good cause standard and leave it to the court's sound discretion to make this determination on remand.

III.

Plaintiff also argues that the court erred in denying her motion to reconsider its denial of her application to amend the complaint.  We are not persuaded.

A trial court's order on a motion for reconsideration will not be set aside unless shown to be an abuse of discretion.  JPC Merger Sub LLC v. Tricon Enters., Inc., 474 N.J. Super. 145, 160 (App. Div. 2022) (citing Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015)).  "An abuse of discretion 'arises when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."'"  Pitney Bowes Bank, Inc. v. ABC Caging

10

Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (internal quotation marks omitted)).

"Where the order sought to be reconsidered is interlocutory, as in this case, Rule 4:42-2 governs the motion." Ibid. Under that Rule, "interlocutory orders 'shall be subject to revision at any time before the entry of final judgment in the sound discretion of the court in the interest of justice.'" Lawson v. Dewar, 468 N.J. Super. 128, 134 (App. Div. 2021) (quoting R. 4:42-2); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 3 on R. 4:42-2 (2023) ("[A]n order adjudicating less than all the claims is subject to revision in the interests of justice at any time before entry of final judgment."). "Reconsideration under this rule offers a 'far more liberal approach' than Rule 4:49-2, governing reconsideration of a final order." JPC Merger Sub LLC, 474 N.J. Super. at 160 (quoting Lawson 468 N.J. Super. at 134). However, even under Rule 4:42-2, reconsideration "is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010).

Motion for leave to amend should be liberally granted without consideration of the ultimate merits of the amendment. Notte v. Merchants Mut. Ins. Co., 185 N.J. 490, 500-01 (2006). However, the motion to amend will be

11

denied if it is considered "futile" or "not sustainable as a matter of law."  Ibid. at 501.

In her motion for reconsideration, plaintiff merely repeated the same arguments that were already considered and rejected by the trial court.  Plaintiff did nothing more than attempt to seek the proverbial second bite of the apple.  It was not in the interest of justice for the court to grant the motion to reconsider denial of the motion to amend the complaint.

CEPA claims are subject to a one-year statute of limitations, which begins to run "from the final act of retaliation when there is a continued course of retaliatory conduct by the employer."  Green v. Jersey City Bd. of Educ., 177 N.J. 434, 437-38 (2003).  NJLAD claims have a statute of limitations period of two-years.  Shepard v. Hunterdon Developmental Ctr., 174 N.J. 1, 18 (2002).

However, there is an equitable exception to CEPA and NJLAD claims statute of limitations called the "continuing violations doctrine."  Shepard v. Hunterdon Development Ctr., 174 N.J. 1, 6 (2002); Green v. Jersey City Bd. of Educ., 177 N.J. 434, 448 (2003).  Under the continuing violation doctrine, "[w]hen an individual is subject to a continual, cumulative pattern of tortious conduct, the statute of limitations does not begin to run until the wrongful action ceases."  Shepherd v. Hunterdon Developmental Ctr., 174 N.J. 1, 18 (2002)

(alternation in original) (quoting <u>Wilson v. Wal-Mart Stores</u>, 158 N.J. 263, 272, (1999)).

However, the continuing violation doctrine does not permit "the aggregation of discrete discriminatory acts for the purpose of reviving an untimely act of discrimination that the victim knew or should have known was actionable." <u>Roa v. Roa</u>, 200 N.J. 555, 569 (2010). The distinction between discrete act of discrimination and non-discrete acts has been that non-discrete acts are hostile work environment claims, that by "[t]heir very nature involve[] repeated conduct' of varying types and that '[s]uch claims are based on the cumulative effect of individual acts.'" <u>Alexander v. Seton Hall University</u>, 204 N.J. 219, 229 (2010) (quoting <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 115 (2002)).

Additionally, <u>Rule</u> 4:9-3 states in pertinent part:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction[,] or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading; but the court, in addition to its power to allow amendments may, upon terms, permit the statement of a new or different claim or defense in the pleading.

13

In her proposed amended complaint, plaintiff alleged that in November 2016, an internal investigation was conducted against her regarding her dissemination of a picture of her supervisor as retaliation for plaintiff verbally reprimanding an NJSP co-worker for poor work performance allegedly due to that co-worker's inter-office affair. As a result of the investigation, plaintiff was allegedly subject to a retaliatory transfer in or around December 2016 and prevented from promotion. Plaintiff further alleged that she was also subject to a written reprimand in November 2017 as retaliation. The events surrounding these incidents are distinct and unconnected to the facts alleged in plaintiff's initial complaint and well outside the statute of limitations.

Plaintiff also alleged that in September 2017, she reported discrimination and retaliation by Captain Colon[3] to NJSP's Equal Employment Opportunity office. Plaintiff further alleged that in January 2018, she was subject to another internal investigation that was based on a complaint made by then Major Colon and that the investigation was "improper and highly irregular." Plaintiff was subsequently disciplined because of this January 2018 investigation. The events surrounding Maj. Colon are distinct and unconnected to the facts alleged in plaintiff's initial complaint and well outside the statute of limitations.

---

[3] In October, 2017, Captain Colon was promoted to Major.

A-0977-24

Plaintiff further alleged that she "spoke out about promotional opportunities denied to women and to racial minorities" in August 2020. Subsequently, in September 2020, another internal investigation was commenced against plaintiff, by NJSP Lt. Col. Scott Ebner, regarding plaintiff's attendance at the NJSP graduation ceremony. No disciplinary action was taken against plaintiff. These events are distinct and unconnected to the facts alleged in plaintiff's initial complaint and had no adverse employment impact on plaintiff. See Spinks v. Twp. of Clinton, 402 N.J. Super. 465, 484 (App. Div. 2008); Tarr v. Ciasulli, 181 N.J. 70, 84 (2004) (quoting Hurley v. Atlantic City Police Dep't, 174 F.3d 95, 129 (3d Cir. 1999)).

In October 2020, plaintiff alleged that she applied for a promotion and scored in the top tier but was thereafter denied a promotion, and that she was later told, in 2021, that she was denied a promotion by Major Dan Engelhardt, who is not a party, because of "the discipline against her." The events surrounding this claim are distinct and unconnected to the facts alleged in plaintiff's initial complaint as her final discipline has been unchallenged.

The court did not abuse its discretion in determining that plaintiff's proposed amendments to the complaint involved distinctly new or different claims. Therefore, the relation back doctrine is inapplicable here to plaintiff's

15

new proposed claims of separate, discrete acts of alleged retaliation. See Harr v. Allstate Ins. Co., 54 N.J. 287, 299 (1969) (stating relation back rule does not apply to "distinctly new or different claim[s]"). The court also correctly denied plaintiff's motion to amend the complaint based on the doctrine of equitable tolling.[4] Moreover, the continuing violation doctrine does not permit "the aggregation of discrete discriminatory acts for the purpose of reviving an untimely act of discrimination that the victim knew or should have known was actionable." Roa v. Roa, 200 N.J. 555, 569 (2010).

Plaintiff's proposed amended complaint does not change or further any of the initial allegations in any relevant way. In Notte, plaintiff's amended complaint was granted because new instances of retaliation included in the amended complaint were relevant to the hostile work environment claim. 185 N.J. at 501. Here, unlike in Notte, plaintiff alleged new, individual discrete acts of alleged discrimination in the amended complaint that do not relate back to plaintiff's initial compliant because plaintiff is not alleging hostile work

---

[4] A statute of limitations may be equitably tolled: "(1) [if] the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his [or her] rights, or (3) if the plaintiff has timely asserted his [or her] rights mistakenly in the wrong forum." Barron v. Gersten, 472 N.J. Super. 572, 577 (App. Div. 2022) (alterations in original) (quoting F.H.U. v. A.C.U., 427 N.J. Super. 354, 379 (App. Div. 2012)) (internal quotation marks omitted).

A-0977-24

environment. <u>Ibid.</u> Moreover, unlike in <u>Notte,</u> no constructive discharge was alleged when plaintiff retired in 2022.

To the extent we have not specifically addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed in part, vacated and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hasley

Clerk of the Appellate Division